**UNITED STATES of America, Plaintiff,**

v.

**Sanford HOSKOW, Defendant.**

**Crim. A. No. 7–80686.**

United States District Court,
E. D. Michigan, S. D.

Oct. 2, 1978.

Christopher A. Andreoff, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Clyde B. Pritchard, Barris, Golob & Pritchard, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

On February 2, 1978, petitioner Sanford Hoskow was sentenced, pursuant to 18 U.S.C. § 4205(b)(2), to serve a five (5) year term of imprisonment after having pled guilty to one count of an indictment charging him with being a coconspirator in an attempt to possess and distribute a controlled substance in violation of 21 U.S.C. § 846. Petitioner's motions for reduction of sentence and for reconsideration of the motion for reduction of sentence have been denied. Petitioner has also moved for credit against his sentence for the approximately 8½ months prior to sentencing that his liberty was restricted by the terms of his bond. For reasons set forth herein, this motion is denied.

Between the time petitioner pleaded guilty and the time he was sentenced by this court, he was released subject to the conditions of his bond. Those conditions were to post $25,000 in cash or surety, to restrict travel to the Eastern District of Michigan, to report in person to pre-trial services each week, and to make a statement regarding possession of a passport.

Section 3568 of Title 18 of the United States Code provides in part that:

> The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

Petitioner cites the case of *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), for the proposition that he was in custody between the time of his plea of guilty and the time of sentencing due to the aforementioned bond conditions. Hensley was released on his own recognizance on the conditions that he appear when required to do so, that if he failed to appear and was apprehended outside of the state he waived extradition, and that any court of competent jurisdiction could revoke the order of release and return him to custody or impose other conditions of release. The Supreme Court held that these conditions constituted custody for purposes of the federal habeas corpus act and characterized the custody requirement as being: "[D]esigned to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley, supra* at 351, 93 S.Ct. at 1574. The issue presented in

that case by petitioner for resolution was whether being subject to bond conditions constituted "custody" for purposes of 28 U.S.C. §§ 2241 and 2254. In this case the court must determine whether days spent subject to bond conditions are days spent in custody for purposes of sentence credit under 18 U.S.C. § 3568. The words "custody" may be the same but the meaning and thrust is different.

Unlike the habeas corpus statute, § 3568 is designed to give credit on a sentence for prior custody on the same charge. In this statutory scheme, credited custody is equated not just with "severe restraint on individual liberty" but with the punishment of incarceration. *Ortega v. United States,* 510 F.2d 412 (10th Cir. 1975) (expressly finding *Hensley* immaterial to a determination of custody for purposes of § 3568). Furthermore, the release of a defendant on bond such as the one in this case is strongly encouraged even by statute. 18 U.S.C. § 3148. This policy objective would be inhibited by a holding that release on bond similar to the bond in this case constitutes custody for purposes of receiving credit against sentence under § 3568. If such were the case, the value of taking appeals, regardless of the merits, would increase because of the law's encouragement of the use of bond while an appeal is pending. Inequalities in sentence service would be created based simply on the ability to make bond and the exercise of the right to appeal. For these reasons, petitioner is found not to have been in custody, within the contemplation of 18 U.S.C. § 3568, while he was released on bond and, therefore, not to be entitled to credit against his sentence for the time during which he was so released.

So ordered.