Donald L. **HAYWARD**, Appellant,

v.

**U.S. PAROLE COMMISSION** and Joseph Petrovsky, Warden, Appellees.

No. 83–2253.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1984.

Decided Aug. 1, 1984.

---

James M. Rosenbaum, U.S. Atty., Franklin L. Noel, Asst. U.S. Atty., D. Minn., Minneapolis, Minn., for appellees.

I. Fay Nosow, Dorsey & Whitney, Minneapolis, Minn., for appellant Donald L. Hayward.

Before ROSS, McMILLIAN and FAGG, Circuit Judges.

PER CURIAM.

Donald L. Hayward appeals from the district court's[1] denial of his petition for habeas corpus. We affirm.

In 1976 Hayward was convicted of distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and sentenced to a seven year term plus a special parole term of three years. In February 1979 Hayward petitioned for habeas corpus relief. The district court granted the petition and on December 8, 1980, ordered that Hayward be released "upon his own recognizance without surety pending the appeal of this matter." *Hayward v. United States Parole Commission*, 502 F.Supp. 1007, 1013 (D.Minn.1980). On September 18, 1981, this court reversed the district court's order. *Hayward v. United States Parole Commission*, 659 F.2d 857 (1981), *cert. denied*, 456 U.S. 935, 102 S.Ct. 1991, 72 L.Ed.2d 454 (1982).

On January 3, 1983, Hayward wrote a letter to the district court, which the court treated as a second habeas corpus petition. The district court denied the petition. In a motion for reconsideration, Hayward raised the issue, which is now the sole issue on appeal, whether he should be given credit against his sentence for the time he spent at liberty during his release pending appeal of his 1979 habeas petition. The district court denied the motion for reconsideration.

Hayward argues that his release pending appeal of his habeas petition should be treated as if he had been on parole. Under certain circumstances a parolee whose release is revoked will receive credit for time spent on parole. *See* 28 C.F.R. § 2.52(c). The Parole Commission, however, argues that Hayward's release pending appeal of his habeas petition is more analogous to that of a prisoner who is free on bail pending direct appeal of his conviction. Time spent by a prisoner on bail pending direct appeal of a conviction is not credited as time spent "in custody" in determining the length of a sentence. *See, e.g., Cerrella v. Hanberry*, 650 F.2d 606, 607 (5th Cir.) (per curiam), *cert. denied*, 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1982); *United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir.1977) (per curiam), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978); *Ortega v. United States*, 510 F.2d 412, 413 (10th Cir.1975) (per curiam).

We agree with the Parole Commission that there is no reason to treat the time spent by Hayward at liberty, without surety, on his own recognizance as the equivalent of time spent on parole. Rather, this situation is akin to that of a prisoner who is released pending direct appeal of his conviction.

Accordingly, the judgment of the district court is affirmed.

---

1. The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota.