782 F.2d 1044
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
RUDOLPHO LONGO, Defendant-Appellant.
 84-1878
 United States Court of Appeals, Sixth Circuit.
 12/4/85
 ORDER
 
 1
 BEFORE: ENGEL and KEITH, Circuit Judges; and UNTHANK, District Judge.*
 
 
 2
 Defendant appeals the district court's November 27, 1984, order denying his petition for appointment of counsel, habeas corpus petition, and motion to correct sentence under Rule 35, Federal Rules of Criminal Procedure. Defendant has moved for pauper status and appointment of counsel on appeal. The case has been referred to a panel of the Court pursuant to Sixth Circuit Rule 9(a). Upon examination of defendant's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Defendant filed the three petitions in the district court on November 6, 1984. In the counsel petition, defendant alleged that his post-conviction counsel had filed a habeas corpus petition on his behalf. The petition was denied on December 13, 1983, and counsel failed to file an appeal. Defendant requested the court to appoint new counsel to pursue an appeal from the December 13, 1983, order. Defendant relied on Douglas v. California, 372 U.S. 353 (1963), to argue that he had a right to counsel to pursue an appeal from the December 13, 1983, order. However, the right to counsel extends only to the first appeal as of right. See Evitts v. Lucey, ---- U.S. ----, 105 S.Ct. 830 (1985); Ross v. Moffitt, 417 U.S. 600 (1974). In addition, the time for appeal from the December 13, 1983, order has expired and cannot be revived.
 
 
 4
 In the November 6, 1984, habeas petition defendant sought credit toward his sentence for time he spent released on restricted bond prior to his conviction. The district court properly denied the habeas petition on the grounds that defendant was not entitled to credit against his sentence. 18 U.S.C. Sec. 3568 provides that the United States Attorney General shall credit a federal prisoner's sentence for any days spent in custody to imposition of the sentence. Defendant argues that he is entitled to credit against his sentence on the grounds that Hensley v. Municipal Court, 411 U.S. 345 (1973), defined 'in custody' to include time spent released on bail. However, in Hensley, the Supreme Court held that a person released on his own recognizance is 'in custody' for the purpose of filing a habeas corpus petition under 28 U.S.C. Sec. 2241 or 2255 to attack his conviction. The definition of 'in custody' established by Hensley is inapplicable to an action under section 3568 seeking credit against a federal prisoner's sentence. Cerrella v. Hanberry, 650 F.2d 606 (5th Cir.), cert. denied, 454 U.S. 1034 (1981); Ortega v. United States, 510 F.2d 412 (10th Cir. 1975); United States v. Hoskow, 460 F.Supp. 929 (E.D. Mich. 1978). 'In custody' under section 3568 requires actual incarceration. There is no right under section 3568 to receive credit on a federal sentence for time spent released on bond. Hayward v. United States Parole Commission, 740 F.2d 610 (8th Cir. 1984); United States v. Dovalina, 711 F.2d 737 (5th Cir. 1983); Ortega v. United States, supra; United States v. Hoskow, supra.
 
 
 5
 Defendant claimed in his Rule 35 motion that his special parole term imposed under 21 U.S.C. Sec. 841(b)(1)(A) [now Sec. 841(b)(1)(B)] was unconstitutional. The district court found that the special parole term is constitutional. We agree. Defendant claims that the special parole term violates due process because there is no statutory maximum term, and violates the separation of powers doctrine because the judge determines the special parole term, citing United States v. Tebha, 578 F.Supp. 1398 (N.D. Cal. 1984). However, Tebha is the only case finding the special parole term unconstitutional. We concur with the other circuits that have considered the issue and found the statute constitutional. E.g., United States v. Bridges, 760 F.2d 151 (7th Cir. 1985); Yates v. United States, 753 F.2d 70 (8th Cir.), cert. denied, ---- U.S. ----, 105 S.Ct. 2032 (1985); United States v. Hernandez, 750 U.S. 1256 (5th Cir. 1985); United States v. Walden, 578 F.2d 966 (3d Cir. 1978), cert. denied, 444 U.S. 849 (1979); United States v. Jones, 540 F.2d 465 (10th Cir. 1976), 429 U.S. 1101 (1977). Defendant is not entitled to Rule 35 relief on the grounds that the special parole term is unconstitutional.
 
 
 6
 Defendant has also requested in forma pauperis status on appeal. However, the filing fee has been paid. The motion is therefore denied as moot.
 
 
 7
 Accordingly, it is ORDERED that the motion for pauper status is denied as moot, the motion for counsel is denied, and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable G. Wix Unthank, U.S. District Judge for the Eastern District of Kentucky, sitting by designation