**Ralph MARRERA, Petitioner-Appellant,**

v.

**Calvin EDWARDS,
Respondent-Appellee.**

No. 86–1541.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 17, 1987.

Decided March 5, 1987.

Juanita S. Temple, Detroit, Mich., for respondent-appellee.

Ralph Marrera, pro se.

Before MARTIN and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.

### ORDER

This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the parties' briefs, this panel agrees unanimously that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.

Petitioner is serving consecutive ten year sentences at the Federal Correctional Institution in Milan, Michigan, for the robbery of a Purolator armored car. Through this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, petitioner seeks a sentence credit for 1,573 days allegedly spent "in custody" while out on bond. His petition was denied by the district court because the conditions of his bond were not "tantamount to incarceration", as required by 18 U.S.C. § 3568 if a sentence credit is to be given. Following the subsequent denial of his motion for relief from judgment, petitioner appealed.

According to the record, the time petitioner spent on bond was not subject to any restrictions tantamount to incarceration. "Custody" as defined under 18 U.S.C. § 3568 for purposes of a sentence credit is distinctly different from the definition used in the habeas corpus statutes. Because petitioner seeks a sentence credit, he is bound by the definition of custody used in Section 3568; that definition requires physical incarceration. *United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir.1977), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 56 L.Ed.2d 416 (1978); *Ortega v. United States*, 510 F.2d 412, 413 (10th Cir.1975); *United States v. Peterson*, 507 F.2d 1191, 1192 (D.C.Cir.1974); *United States v. Hoskow*, 460 F.Supp. 929, 930 (E.D.Mich.1978). Petitioner's physical and mental condition following his illness, as well as his time in and out of the hospital and the nursing home, were not conditions imposed by the court. Because these periods of time cannot be considered akin to physical incarceration, this time need not be credited toward his sentence.

The questions upon which this case depends are so unsubstantial as not to require further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Accordingly, it is ORDERED that the judgment of the district court is affirmed.

ENTERED BY ORDER OF THE COURT.