Kenneth R. MATTHEWS, Appellant,

v.

Edwin MEESE, Attorney General of the United States; Norman A. Carlson, Director of the United States Bureau of Prisons; Benjamin F. Bauer, Chairman, United States Parole Commission; Victor Reyes, Commissioner, United States Parole Commission; Other Unnamed Co-Defendants, Appellees.

No. 87–1419.

United States Court of Appeals, Eighth Circuit.

Submitted June 1, 1987.

Decided Aug. 24, 1987.

Rehearing Denied Sept. 24, 1987.

Kenneth R. Matthews, pro se.

Richard M. Pence, Jr., Asst. U.S. Atty., Little Rock, Ark., for appellees.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Kenneth R. Matthews, a federal parolee, appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241. For reversal, Matthews argues (1) the district court erred in failing to grant him credit against his sentence for a period during which he was free from custody pending various judicial appeals and (2) the United States Parole Commission is without jurisdiction to calculate his sentence or to grant or deny him parole. For the reasons discussed below, we affirm the order of the district court.

Matthews began serving a 15–year federal sentence in December 1977. *United States v. Ferri,* 686 F.2d 147, 149 (3d Cir. 1982), *cert. denied,* 459 U.S. 1211, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). Matthews filed a timely motion under Fed. R. Crim. P. 35[2] for reduction of sentence and the

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

2. Fed. R. Crim. P. 35(b) provides:

A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

district court granted the motion, reducing Matthews' sentence to nine years. *Id.* at 150. The district court later granted a second Rule 35 motion, reducing Matthews' sentence to time served and ordering his immediate release from custody. *Id.* The government sought a stay pending appeal of the order, but the district court did not rule on the motion and Matthews was released from custody on March 26, 1982. *Id.* On appeal, the Third Circuit held that Matthews had not timely filed the second Rule 35 motion and that the district court was thus without jurisdiction to grant the motion. *Id.* at 154–55.

The case was remanded to the district court and, on March 10, 1983, the district court vacated its order and reinstated the nine-year sentence. On the same day, Matthews was placed under parole supervision. The United States Parole Commission (the Parole Commission) determined that Matthews should not receive credit for the time he was free between March 1982 and March 1983 pending appeal of the Rule 35 order. The Parole Commission set Matthews' parole termination date as November 10, 1987.

Matthews filed a *pro se* petition for mandamus or for habeas corpus relief in the District Court for the District of Columbia, alleging that he was entitled to credit for the period of his release and to a parole termination date of November 29, 1986. The district court determined that (1) because Matthews was seeking a speedier release from custody, habeas corpus was his sole remedy, *citing Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), and (2) the Eastern District of Arkansas, where Matthews' parole officer/custodian was located, had jurisdiction over the habeas petition. *Matthews v. Meese,* 644 F. Supp. 380 (D.D.C. 1986).

The action was transferred to the Eastern District of Arkansas. The district court treated the action as a petition for habeas corpus and rejected Matthews' argument for credit against his sentence for the time he was free pending appeal of the Rule 35 order. The district court held that "[t]ime spent at liberty pending appeal is not treated the same as time 'in custody' in determining length of sentence." *Matthews v. Meese,* No. LR–C–86–604, slip op. at 1 (E.D. Ark. Mar. 10, 1987) (order), *citing Hayward v. United States Parole Comm'n,* 740 F.2d 610 (8th Cir.1984) (per curiam) (*Hayward*).

Matthews' argument on appeal for credit during the time of his release relies mainly on *White v. Pearlman,* 42 F.2d 788 (10th Cir.1930) (*Pearlman*), and *Shields v. Beto,* 370 F.2d 1003 (5th Cir.1967) (*Shields*). In *Pearlman,* the warden mistakenly believed the prisoner was under a three-year rather than a five-year sentence. Even though the prisoner called attention to the mistake, he was released, only to be reincarcerated two years later to serve the rest of his sentence. The Tenth Circuit held that (1) a sentence for a term of years "means a continuous sentence, unless interrupted by escape, violation of parole, or some fault of the prisoner," (2) a prisoner "cannot be required to serve ... [a sentence] in installments," and (3) "where a prisoner is discharged from a penal institution, without any contributing fault on his [or her] part, ... his [or her] sentence continues to run while he [or she] is at liberty." 42 F.2d at 789. In *Shields,* a Texas prisoner was extradited to Louisiana authorities, without a detainer, before his Texas sentence expired. For 28 years following Shields' release from the Louisiana prison, until he was again convicted in Texas, Texas did nothing about the unexpired sentence. The Fifth Circuit cited *Pearlman* for the proposition that a prisoner cannot be required to serve his or her sentence in installments and held on due process grounds that Texas' inaction was "equivalent to a pardon or commutation of ... sentence and a waiver of jurisdiction." 370 F.2d at 1006.

■ We find these cases factually inapposite and agree with the district court that Matthews' release time should not be credited against his sentence as time "in custody." As the district court concluded, this case is controlled by our decision in *Hayward.* There, federal prisoner Hayward's habeas corpus petition was granted and he

was released on his own recognizance without surety pending appeal. We reversed the grant of habeas relief and Hayward then sought credit against his sentence for the time he was released pending the appeal. We refused to treat the time spent by Hayward at liberty as the equivalent of time spent on parole and found Hayward's situation more analogous to that of a prisoner who is free on bail pending direct appeal of a conviction, which release time is not credited against a sentence. 740 F.2d at 611. The time Hayward spent at liberty pending appeal of a habeas corpus petition is not distinguishable from the time Matthews spent at liberty pending appeal of his Rule 35 order. Matthews was not "in custody" during his unsupervised release of nearly one year and should not receive credit against his sentence for that period of freedom. We hold therefore that the district court did not err in refusing to grant Matthews credit for time spent at liberty pending appeal of the Rule 35 order.

■ Matthews next argues that the Parole Commission has no jurisdiction to determine his sentence because, under 18 U.S.C. § 3568 and *United States v. Clayton*, 588 F.2d 1288 (9th Cir.1979) (*Clayton*), it is the administrative responsibility of the Attorney General, the Department of Justice, and the Bureau of Prisons to calculate sentences and apply credit. Matthews' argument overlooks the fact that the Parole Commission is a part of the Justice Department. Nor does the decision in *Clayton* support Matthews' argument. In *Clayton*, the appeals court merely held that "[i]t is not the province of the *sentencing court* ... to compute sentences and apply credit where it is due." 588 F.2d at 1292 (emphasis added). Finally, we reject Matthews' assertion that the Parole Commission is bound by the Bureau of Prisons' sentence computation prepared on June 4, 1981, which shows a termination date of November 27, 1986. The 1981 computation was prepared before Matthews' erroneous release from custody in March 1982.

Accordingly, we affirm the order of the district court.