**In the Matter of the Application of Charles WHITTENBURG for a Writ of Habeas Corpus.**

No. C–3–87–282.

United States District Court, S.D. Ohio, W.D.

Dec. 16, 1987.

Kathleen Brinkman, Asst. U.S. Atty., Cincinnati, Ohio, for respondent.

Victor Hodge, Dayton, Ohio, for petitioner.

DECISION AND ENTRY SUMMARILY DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS (DOC. #771); TERMINATION ENTRY

RICE, District Judge.

This case is before the Court on the Petition for Writ of Habeas Corpus of Peti-

tioner, Charles Whittenburg (Doc. # 771). For the reasons briefly set forth below, the Petitioner's Petition is denied in its entirety and is summarily dismissed.

Petitioner Charles Whittenburg has been placed on a term of special parole in conjunction with his conviction in Case No. CR-3-82-44(18) (Doc. # 608). He is now in the custody of the United States Probation Department at Dayton, Ohio (Doc. # 771). Petitioner's special parole term was imposed by this Court pursuant to 21 U.S.C. § 841(b)(1)(B). He alleges that the special parole term provided by 21 U.S.C. § 841 is unconstitutional, in that the ambiguity of 21 U.S.C. § 841 and its failure to designate a maximum penalty constitute a denial of due process. In addition, Petitioner asserts that § 841 is a violation of the doctrine of separation of powers in that the statute delegates the power to punish to the judiciary without limitation on punishment.

## I. DISCUSSION

### A. *Due Process*

Petitioner asserts that § 841 violates due process in two ways.

■ *First,* it is alleged that § 841 fails to define the type of conduct that will constitute a violation of the special parole term. Petitioner asserts that such ambiguity in the definition of a *crime* violates due process in that it fails to provide proper notice. The Court concludes, however, that in enacting the special parole term provisions of § 841(b)(1), Congress was not creating a *new* offense or crime, rather Petitioner admits that "21 U.S.C. § 841 defines proscribed conduct and affixes penalties therefor." (Doc. # 771). The special parole term does not create a new crime; rather, this term serves as an element of the penalty for engaging in the conduct proscribed by § 841(a). Violation of this special parole merely impacts upon the penalty to be paid for the underlying crime. Based on the foregoing, this Court concludes that the statute's failure to specify the types of conduct that will constitute a violation of the special parole term does not constitute a violation of due process.

■ *Second,* Petitioner asserts that § 841 violates due process in that it fails to designate a maximum penalty. Section 841 has been construed to permit "a maximum special parole term of life." *See United States v. Jones,* 540 F.2d 465, 468 (10th Cir.1976). *See also United States v. Walden,* 578 F.2d 966, 972 (3d Cir.1978). The Sixth Circuit has concurred in this view. *See United States v. Longo,* No. 84–1878, slip op. (6th Cir. Dec. 4, 1985 [782 F.2d 1044 (TABLE) ] ) (1985 WL 14075) (citing *United States v. Bridges,* 760 F.2d 151 (7th Cir. 1985); *Yates v. United States,* 753 F.2d 70 (8th Cir.), *cert. denied,* 471 U.S. 1022, 105 S.Ct. 2032, 85 L.Ed.2d 314 (1985); *United States v. Hernandez,* 750 F.2d 1256 (5th Cir.1985); *United States v. Walden,* 578 F.2d 966 (3d Cir.1978), *cert. denied,* 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed.2d 64 (1979); *United States v. Jones,* 540 F.2d 465 (10th Cir.1976), *cert. denied,* 429 U.S. 1101, 97 S.Ct. 1125, 51 L.Ed.2d 551 (1977)). This Court cannot conclude that § 841 fails to provide a statutory maximum term. Thus, this Court finds that § 841 does not violate due process.

### B. *Separation of Powers*

■ Petitioner argues that the special parole term provision constitutes an unlawful delegation of legislative authority to the judiciary in that it allows the court to set the special parole term. However, "[l]eaving the determination of maximum sentences to the court is not uncommon...." See *Jones,* 540 F.2d at 468. The circuits which have ruled on the issue of whether § 841 violates the separation of powers doctrine are unanimous in their finding that the special parole term is constitutional. *See Longo,* at 4. *See also, Jones,* 540 F.2d at 468; *United States v. Arellanes,* 767 F.2d 1353, 1359 (9th Cir.1985); *Yates v. United States,* 753 F.2d 70, 71 (8th Cir. 1985). In enacting § 841, Congress has *not* delegated to the court sole discretion as to the maximum term of special parole. The Congress itself has determined that the maximum term is life. The judiciary merely has the discretion to sentence within the range provided by § 841. Nor can it

be said, as the Petitioner asserts, that the statute delegates to the Probation Department the authority to determine what conduct constitutes a violation of its terms. The court, not the Probation Department, sets the terms of parole. The Court reiterates the fact that 21 U.S.C. § 841(b)(1)(B) does not create a new offense. Instead, this provision merely provides for an element of the sanction for the underlying crime. The Court's ability to set the terms of the special parole term are inherent in its power to sentence.

Based on the foregoing, this Court concludes that 21 U.S.C. § 841(b)(1)(B) does not violate either due process or the doctrine of separation of powers. *See United States v. Williams*, 831 F.2d 298 (6th Cir. 1987) (LEXIS, Genfed library, Dist. file) ("We agree with other circuit courts which have considered this issue and found that statute [21 U.S.C. § 841(b)(1)(B)] constitutional."). Accordingly, as this Court finds § 841 to be constitutional, Petitioner Charles Whittenburg's Petition for Writ of Habeas Corpus is hereby summarily dismissed.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.