Craig ANDERBERG, Petitioner,

v.

T.C. MARTIN, Warden, and U.S. Parole Commission, Respondents.

No. CIV–87–1939–T.

United States District Court,
W.D. Oklahoma.

Dec. 30, 1987.

Craig Anderberg, pro se.

H. Lee Schmidt, U.S. Atty., Oklahoma City, Okl., for respondents.

## ORDER

RALPH G. THOMPSON, Chief Judge.

Petitioner brings this action, *pro se* and *in forma pauperis*, for a writ of habeas corpus. 28 U.S.C. § 2241. Petitioner alleges that his due process and equal protection rights have been violated by respondents who have deprived him of his liberty by refusing to give him credit for a brief period during which he was incarcerated in a community treatment center.

The Court has determined that an evidentiary hearing is not necessary in this matter, inasmuch as it can be resolved on the basis of the record. *See Edgemon v. Lockhart,* 768 F.2d 252 (8th Cir.1985); *Hill v. Lockhart,* 731 F.2d 568 (8th Cir.1984). Moreover, the granting of such a hearing is within the discretion of the Court and the Court finds that such a hearing is not necessary inasmuch as there is no real dispute as to facts, but rather the dispute is as to the treatment of those facts. *See Brofford v. Marshall,* 751 F.2d 845 (6th Cir.1985), *cert. denied,* 474 U.S. 872, 106 S.Ct. 194, 88 L.Ed.2d 163 (1985), *reh'g denied,* 474 U.S. 1000, 106 S.Ct. 418, 88 L.Ed.2d 369 (1985).

Petitioner was originally sentenced on December 20, 1982, to a 4-year term of imprisonment and a special 3-year parole term for distribution of cocaine. He was released on September 11, 1985, with 342 days remaining on his 4-year sentence. The United States Probation Office filed a parole violation report on February 12, 1986, indicating that petitioner had tested positive for use of marijuana, recommending continued supervision. The petitioner's special parole term began February 20, 1986. The Parole Commission placed petitioner in a community treatment center. Thereafter, a second parole violation report dated August 4, 1986, indicated that he had tested positive for the use of marijuana and morphine. This report also indicated that he had been charged with aggravated assault. A special condition of parole was recommended requiring him to reside in a community treatment center for no more than 120 days and by notice of action dated August 21, 1986, he was required to participate in such a program. Petitioner was admitted to the community treatment center on August 25, 1986, at 5:00 p.m. A parole violation report dated August 26, 1986, requested that the Parole Commission issue a violator warrant for the petitioner. This was done on September 5, 1986, and the petitioner was arrested on the warrant September 11, 1986. Petitioner's revocation hearing was held November 10, 1986, and his special parole term was revoked. He was to receive credit for all time on parole and his term was to continue to expiration of his sentence with a special drug aftercare condition. Subsequently, the Commission was informed that, on December 4, 1986, petitioner entered a guilty plea to the aggravated assault charge and received a 4-year sentence to run concurrently with his September 11, 1986, federal sentence. By notice of action dated January 17, 1987, petitioner was notified that his case was to be reopened for special consideration. This was done and, after a hearing, petitioner was informed that none of the time spent on parole would be credited. Petitioner argues that he should be credited with the time from August 25, 1986, to September 11, 1986, served at the

community treatment center, while on parole.

Although respondents argue that petitioner has failed to exhaust any administrative remedies, the Court finds that petitioner has shown this claim to be inaccurate. The merits of petitioner's case will be considered.

■ Petitioner argues that 18 U.S.C. § 3568 requires that he be given the sentence credit at issue. However, the Court finds this section inapplicable to petitioner's case. The purpose of this section is to remove confusion as to the date on which a sentence commences and to insure that persons receive credit toward service of their sentence for any days spent in custody in connection with the acts for which sentence was imposed, all as provided in § 3568. In the instant case, there is no question about the date that the sentence began to run, that being the date upon which petitioner first went to the "penitentiary, reformatory or jail for service of such sentence." 18 U.S.C. § 3568. It is equally clear that the time spent by petitioner in the community treatment center was not time "spent in custody in connection with the offense or acts for which sentence was imposed." *Id.*

■ Furthermore, it is clear that physical incarceration is required if credit is to be received. *See Ortega v. United States,* 510 F.2d 412, 413 (10th Cir.1975); *Marrera v. Edwards,* 812 F.2d 1517 (6th Cir.1987). Petitioner contends that because he was not completely at liberty while staying in the community treatment center, he was in custody and entitled to credit. The Court, however, finds that custody means detention or imprisonment in a place of confinement and does not refer to stipulations or conditions imposed upon a person who is not subject to full, physical incarceration. *See United States v. Hoskow,* 460 F.Supp. 929, 930 (E.D.Mich.1978). Credited custody is equated not just with "severe restraint on individual liberty," but with the punishment of incarceration. *Id.* at 931. Although restrictions were placed on petitioner's conduct, they were in no way equal to the restrictions placed on a person physically confined in a jail or similar institution.

■ Moreover, a parolee who commits an offense punishable by a term of imprisonment subsequent to his release on parole is not entitled to credit for time spent under supervision. The Parole Commission is given authority, pursuant to 18 U.S.C. § 4210(b)(2) to deny credit for any time spent between a parolee's release date and the execution of a violator warrant. *See Harris v. Day,* 649 F.2d 755, 758–759 (10th Cir.1981). Moreover, a parolee who is convicted of a crime while on parole forfeits all time spent on parole. *Id.* at 760. 28 C.F. R. § 2.52(c)(2). Petitioner was on parole when he resided at the community treatment center, with such residence being a special condition of his parole. In this case, petitioner did not lose the credit for time on parole until the Commission was notified of his guilty plea to the crime of aggravated assault, on December 4, 1986, for which he was sentenced to four years. It was at this time that his case was reopened and the credit at issue was denied. Clearly, he is not entitled to credit for any time between his date of release and the execution of the violator warrant herein.

■ The Court has also considered the violation of equal protection claim raised by petitioner, and finds it to be without merit. Although others staying at the community treatment center may have received credit for time spent in custody at the center, no violation of petitioner's equal protection rights occurred because he was not given such credit. A preliminary step in equal protection analysis is to determine whether persons who are similarly situated are subject to disparate treatment. *Johnson v. Smith,* 696 F.2d 1334 (11th Cir.1983). Petitioner was not similarly situated to others in the community treatment center inasmuch as his stay there was a special condition of his parole. The special condition was imposed because petitioner had violated his parole by using marijuana and morphine and because he had been charged with aggravated assault. He was not there as a direct result of his federal conviction for distribution of cocaine, and he was therefore not in custody at the community treatment center in connection with

the offense or acts for which sentence was imposed. Petitioner does not deny that the other parties at the community treatment center who did receive credit were spending time in custody in connection with the offense for which sentence was imposed. 18 U.S.C. § 3568. Persons are similarly situated for purposes of § 3568, if they are equally "in custody" of the federal government. *Johnson*, 696 F.2d at 1337. Therefore, petitioner was not similarly situated to the other parties residing there.

In accordance with the foregoing, the Court finds that the petitioner can make no argument on the law or the facts in support of his claim for relief, and his petition for habeas corpus must be and therefore is denied.