891 F.2d 293
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Franklin HARGIS, Defendant-Appellant.
 No. 89-5205.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1989.
 
 Before MILBURN and BOGGS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Charles Franklin Hargis is a pro se prisoner who appeals from the district court's denial of his "Motion to Correctly Credit Time Served." In his motion, Hargis asked the district court to give him credit for the time that he had spent out on bond prior to his incarceration. Hargis states that he was required to report "in a very stringent manner" to pre-trial services. He was required to limit his use of alcohol, to begin an alcohol rehabilitation program, to submit to periodic drug screening, to refrain from activity that would hurt his relationship with his wife, and to seek gainful employment. Hargis argued that the restrictions attendant to his release on bond created a custodial condition within the meaning of 18 U.S.C. § 3568 (1985) (repealed effective Nov. 1, 1987). The district court summarily denied this motion on January 31, 1989.
 
 
 3
 The basis of the district court's order is difficult to discern because of its brevity. Nevertheless, it is clear that the denial of Hargis's motion was appropriate.
 
 
 4
 Hargis challenged the execution of his sentence rather than its validity. Therefore, his claim could only be raised in a habeas corpus proceeding before the district court that had jurisdiction over his custodian. See Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). Given the liberal standard of review that is required for pro se pleadings, it would have been appropriate for the district court to consider the motion in this case as a petition for habeas relief. See Cohen, 593 F.2d at 771; Wright, 557 F.2d at 77. However, it is clear from the pleadings that Hargis was incarcerated in Georgia when his 'petition' was filed. Thus, it would have been entirely proper for the district court in Tennessee to deny his petition for lack of jurisdiction. See Wright, 557 F.2d at 77; White v. Tennessee, 447 F.2d 1354, 1354-55 (6th Cir.1971), cert. denied, 406 U.S. 921 (1972). Moreover, although Hargis has been transferred to Knoxville, his custodian is now located in Nashville. Therefore, any future petitions for habeas relief should be filed in the Middle rather than the Eastern District of Tennessee.
 
 
 5
 The district court's decision was correct for other reasons as well. Administrative review of a challenge to the Bureau of Prisons' computation of a sentence is available under 28 C.F.R. §§ 542.10-542.16 (1988). The district court's denial was appropriate because Hargis has not exhausted these administrative remedies. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982); cf. Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981).
 
 
 6
 The district court's decision was also appropriate on the merits. The repeal of Title 18 U.S.C. § 3568 became effective on November 1, 1987. However, that statute is still controlling here because Hargis's sentence was based on crimes which were committed before the date of repeal. See United States v. Mitchell, 845 F.2d 951, 952-53 (11th Cir.1988). The definition of "custody" in § 3568 requires actual physical incarceration. Marerra v. Edwards, 812 F.2d 1517, 1517 (6th Cir.1987) (order). Hargis is not entitled to relief because the restrictions placed on him while he was released on bail were not equivalent in any way to actual incarceration. See, e.g., Marrera, 812 F.2d at 1517 (voluntary treatment); Polakoff v. United States, 489 F.2d 727, 730 (5th Cir.1974) (compulsory reporting as well as travel and social restrictions); cf. Brown v. Rison, 673 F.Supp. 1505, 1507-10 (C.D.Cal.1987) (compulsory residential treatment).
 
 
 7
 It would have been appropriate to deny the motion in this case for lack of jurisdiction, for the failure to exhaust administrative remedies, or for the absence of any meritorious claim. The district court's order of denial is affirmed for each of these reasons. Rule 9(b)(5), Rules of the Sixth Circuit.