**UNITED STATES of America, Appellee,**

v.

**Merle KRAMER, Appellant.**

**No. 89–1841NI.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1990.

Decided March 14, 1990.

Thomas J. O'Flaherty, Cedar Rapids, Iowa, for appellant.

Daniel C. Tvedt, Cedar Rapids, Iowa, for appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and Bogue *, Senior District Judge.

BOGUE, Senior District Judge.

Merle J. Kramer pleaded guilty to a pre-sentencing guidelines count of growing marijuana and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841 and 846. He also pleaded guilty to one count of a post-guidelines failure to appear, which is not a subject of this appeal.

Kramer appeals from the district court's [1] order denying his motion for Fed.

R.Crim.P. 35 relief. Because the convictions were for conduct occurring before November 1, 1987, the "old" Rule 35 applies. We affirm.

Kramer pleaded guilty for conduct occurring between 1983 and 1985. Kramer was involved with others, including three of his cousins, in the growing of marijuana and the use and sale of cocaine.

A number of plea bargain letters were offered by the government early in this case. Ultimately, Mr. Kramer accepted the government's plea letter dated October 17, 1988. The pertinent parts of such letter are as follows:

1. Merle Kramer will enter pleas of guilty to one count of manufacturing, distributing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count I of the Indictment), and willfully failing to appear for trial (Count 5 of the Indictment). The United States will file a one-count Information charging Merle Kramer with conspiring to distribute cocaine between July, 1983, and December, 1985, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B), to which Mr. Kramer will plead guilty. The United States is free to advise the Court of its evidence concerning that count, but agrees to limit the maximum period of incarceration to 15 years. The United States Attorney's Office will file no other Title 21 criminal charges against him based upon information now in our possession, and will move to dismiss the remaining counts subsequent to sentencing.

. . . .

3. The United States makes no representations or promises as to the sentence to be imposed as this is solely within the District Court Judge's discretion. The United States will not make any recommendations as to the sentence to be imposed but is free to comment as to the factual matters related to the case, including the right to contest factual mis-

---

* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable David R. Hansen, United States District Court Judge for the Northern District of Iowa.

statements made by the defendant at the time of sentencing, and to respond to any inquiries posed by the Court at the time of plea or sentencing. Our silence as to the length of sentence is not to be construed as a request for leniency, but is merely an agreement to "stand mute." Further, this agreement to "stand mute" shall apply only at the time of initial imposition of sentence and does not bind the United States at any other proceeding.

4. The government will of course advise the court of any cooperation volunteered by Mr. Kramer.

. . . .

Defendant in his Rule 35 motion argues that the district court should have reconsidered the sentence, because the government did not properly follow its part of the plea agreement. Specifically, defendant alleges that the government did not inform the court as to defendant's cooperation, and that the government did not stand mute as to the actual length of the sentence.

A Rule 35 motion for reduction of sentence is "essentially a plea for leniency," which gives a convicted defendant a second run before the sentencing judge. *United States v. Colvin*, 644 F.2d 703, 705 (8th Cir.1981). A Rule 35 motion also gives "the judge an opportunity to reconsider the sentence in the light of any further information about the defendant or the case which may have been presented to him in the interim." *Id.*

A ruling of a lower court will only be disturbed upon a showing that the trial court abused its discretion. *United States v. Losing*, 584 F.2d 289, 291 (8th Cir.1978). There was clearly no abuse of discretion by the sentencing court in the present matter. Defendant and his counsel were given a full and fair hearing by the court, in which the court reconsidered the sentence in light of defendant's plea for leniency. The court was not persuaded that the sentence was excessive or unjust.

■ It is noteworthy that defendant simply rehashed the information which had been given to the sentencing judge before. Nothing new was offered. Where this oc-

curs, denial of a Rule 35 motion is not an abuse of discretion. *United States v. Kadota*, 757 F.2d 198 (8th Cir.1985). It is abundantly clear that there is nothing in the record indicating that the court should have found for the defendant on his Rule 35 motion.

■ As to the claim of defendant that the government failed to inform the court of "any cooperation volunteered by Mr. Kramer," we have analyzed the plea agreement utilizing contract law standards. *Santobello v. New York*, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Two clauses of the plea agreement must be viewed together: the cooperation clause, and the reservation by the government of its right to contest factual misstatements at the time of the sentencing. The acts of defendant's cooperation were presented first by the government and then by defense counsel. The government again addressed the court, as it was authorized under the contract to do, and pointed out that defense counsel had overstated the factual nature of the defendant's cooperation. Defense counsel was allowed a surrebuttal in which it disagreed somewhat with the government's view of the cooperation.

The transcript of the presentence proceedings was lengthy and constituted a balanced and thorough recitation of the very minor differences of the parties on the matter of cooperation on the part of the defendant. One very telling comment we think is crucial was made by defendant's attorney during the sentencing proceedings, which was in part as follows:

I think he [defendant] fully admits and agrees it was a limited cooperation. He, as many people are in these situations, was hesitant to point fingers at family members or other people close to him, and he understands that the court takes into consideration cooperation and the more cooperation given, the more cooperation given by the court. He cooperated to the extent he felt he was able to. Transcript of Sentencing Hearing, page 14.

Initially, on May 12, 1988 and also October 13, 1988, the government proposed by plea letters that as part of the plea bargain defendant would provide *full* cooperation to the government. Defendant rejected this and ultimately agreed to a plea bargain that the government advise the court of *any* cooperation volunteered by Kramer. No percentage or degree of cooperation was required—just *any*.

With respect to the government's agreement to stand mute, careful search of the record reveals no recommendation by the government as to the length of sentence, directly or indirectly. There is no merit to defendant's claim concerning that issue.

Furthermore, there was a reference made during argument in briefs and before this panel that the government's reference to the defendant turning over "sophisticated seed stock" unduly influenced the sentencing court. Other than mentioning it in passing, we attach no importance to the expression "sophisticated seed stock." It merely identifies the quality of seed and contains no veiled sentence recommendation. We reject this argument as frivolous.

We find no abuse of discretion below. The district court allowed many opportunities to the parties to discuss the background and cooperation on the part of the defendant. Defendant admits the limited amount of cooperation and can hardly now be heard to complain. The government clearly abided by the terms of the plea bargain, and the court heard all the facts and arguments that either side has relative to the issues in this case. No further hearing would be productive.

Accordingly, the judgment of the district court is affirmed.