UNITED STATES of America, Appellee,

v.

Kenneth ARPAN, Appellant.

No. 90–5217.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 30, 1990.

Decided Oct. 2, 1990.

Al Arendt, Pierre, S.D., for appellant.

Robert A. Mandel, Rapid City, S.D., for appellee.

---

**1.** The Honorable Donald J. Porter, Chief Judge, United States District court for the District of South Dakota.

Before McMILLIAN, WOLLMAN and BEAM, Circuit Judges.

PER CURIAM.

Kenneth Arpan appeals from a final order entered in the District Court[1] for the District of South Dakota denying his motion for reduction of his sentence under former Rule 35(b) of the Federal Rules of Criminal Procedure. For the reasons discussed below, we affirm the district court's order.

In November 1987 Arpan was convicted of four counts of embezzlement of tribal funds under 18 U.S.C. § 1163. He was sentenced to concurrent terms of five years imprisonment. On December 3, 1987, pursuant to this court's order, Arpan was released pending the appeal of his conviction. The conditions of release as set by the district court denied Arpan access to his home town, Eagle Butte, South Dakota, except to visit his mother; prohibited him from using alcohol and unprescribed drugs and from transferring assets out of his account; and required him to appear in court as directed and to maintain contact with his attorney. This court ultimately affirmed Arpan's conviction, *United States v. Arpan*, 887 F.2d 873 (8th Cir.1989) (banc), issuing its mandate on November 28, 1989. The district court then ordered Arpan to surrender himself on December 19, 1989, to begin serving his sentence.

Before surrendering, Arpan filed a motion for reduction of sentence (based primarily on his postconviction conduct), which the district court denied. Arpan requested leave of the court to file a late notice of appeal, and while that matter was pending, Arpan filed a modified motion for reduction of sentence as a supplement to the earlier motion. This motion sought to have his sentence reduced by the time he spent on bond pending appeal. Relying chiefly on *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973) (*Hensley*), Arpan asserted that the conditions of his release on bond were tan-

tamount to being "in custody." The district court denied the "modified" motion, stating that it failed to present any new evidence requiring the earlier denial to be vacated.[2] Arpan argues on appeal that the district court abused its discretion in denying this motion by failing to consider the "onerous" conditions of release during the years between his conviction and eventual incarceration.

A Rule 35(b) motion is a plea for leniency and an opportunity for the sentencing court to reconsider the sentence in light of interim developments. *United States v. Kramer*, 898 F.2d 81, 83 (8th Cir.1990). The district court's ruling will not be disturbed absent a showing that the court abused its discretion. *Id.*

Arpan was not entitled to credit for time spent on bond pending direct appeal of his conviction. *See Hayward v. United States Parole Comm'n*, 740 F.2d 610, 611 (8th Cir.1984) (per curiam) (drawing an analogy between release pending appeal of habeas petition and release pending direct appeal, and citing, e.g., *United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir.1977) (per curiam), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978)). His reliance on *Hensley* is misplaced. *See Villaume v. United States Dep't of Justice*, 804 F.2d 498, 499 (8th Cir.1986) (per curiam) (*Hensley* holding regarding definition of "in custody" for purposes of habeas corpus proceedings cannot be extended to "in custody" for purpose of credit against sentence), *cert. denied*, 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987). The district court reconsidered Arpan's sentence in light of his argument for reduction, and we cannot say the denial of the motion was an abuse of discretion.

Accordingly, the order of the district court is affirmed.

---

**2.** The district court subsequently denied Arpan leave to file a late notice of appeal from the denial of the original motion.