956 F.2d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward O'Neal POOLE, Defendant-Appellant.
 No. 91-6072.
 United States Court of Appeals, Sixth Circuit.
 Feb. 19, 1992.
 
 Before MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 Edward O'Neal Poole, a federal pro se prisoner, appeals the district court's order denying his motion for credit for time spent while released on bond pursuant to 18 U.S.C. § 3568. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Poole was arrested on August 27, 1990, for possession of a firearm by a convicted felon. On the same date, he was released on a personal recognizance bond. On December 18, 1990, after a jury trial, Poole was found guilty and was taken into custody pending sentencing. On March 11, 1991, he was sentenced to serve twenty-seven months in prison.
 
 
 3
 Poole filed a motion for credit for time spent while released on bond from the date of his arrest on August 27, 1990, until he was detained following his conviction on December 18, 1990. The district court denied Poole's motion, finding that he was not in "official detention" and was, therefore, not entitled to credit under 18 U.S.C. § 3585(b). On appeal, Poole continues to argue the merits of his claim. Both parties have filed briefs.
 
 
 4
 The district court properly considered his claim under 18 U.S.C. § 3585(b) rather than 18 U.S.C. § 3568 because Poole was convicted of a crime committed after November 1, 1987, and § 3585(b) was the applicable statute in effect at that time. According to § 3585(b), a defendant should receive credit toward the service of a term of imprisonment for any time spent in "official detention." The term "official detention" has been defined as "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person who is not subject to full physical incarceration." United States v. Insley, 927 F.2d 185, 186 (4th Cir.1991); United States v. Woods, 888 F.2d 653, 655 (10th Cir.1989), cert. denied, 494 U.S. 1006 (1990).
 
 
 5
 The record demonstrates that at the time Poole was released on bond, he was not subject to any restrictions tantamount to official detention. The Sixth Circuit, as well as other courts, have held that placing a defendant on bond is not the same as physical incarceration required to receive credit for time served. See United States v. Arpan, 915 F.2d 1180, 1181 (8th Cir.1990) (per curiam); Mieles v. United States, 895 F.2d 887, 888 (2d Cir.1990); United States v. Woods, 888 F.2d at 655; United States v. Carlson, 886 F.2d 166, 167 (8th Cir.1989) (per curiam); Marrera v. Edwards, 812 F.2d 1517 (6th Cir.1987). Poole is not entitled to credit under § 3585(b) while he was released on bond awaiting his trial because he was not in "official detention." See also United States v. Becak, No. 90-6324 (6th Cir. Jan. 22, 1992) (electronic tethering and home detention not "official detention" under § 3585(b)).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.