955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert A. O'DANIEL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-6053.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1992.
 
 1
 Before RYAN and SUHRHEINRICH, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's summary dismissal of his motion to vacate, set aside or correct sentence filed under 28 U.S.C. § 2255. He requests the appointment of counsel and leave to proceed as a pauper on the appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Robert A. O'Daniel pleaded guilty to one count of possession with intent to manufacture marijuana and one count of possession with intent to distribute marijuana. On August 11, 1989, O'Daniel was sentenced to serve eighty months imprisonment and four years supervised release. He did not appeal his sentence.
 
 
 4
 On July 30, 1991, O'Daniel filed a motion to vacate his sentence. He maintained that he was denied a two-point reduction in his base offense level for acceptance of responsibility and that the district court failed to credit him with time spent on bond. The motion was denied.
 
 
 5
 Upon review, we conclude that summary dismissal was proper. A motion to vacate sentence under § 2255 may not serve as a substitute for direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982). Moreover, O'Daniel failed to show, or even to assert, cause and prejudice for his failure to raise his claims in a direct appeal. See id. at 167-68.
 
 
 6
 Even if the district court were to have reached the merits of the petition, O'Daniel was not entitled to relief. A defendant's guilty plea does not entitle him to a reduction based on acceptance of responsibility as a matter of right. See United States v. Lassiter, 929 F.2d 267, 270 (6th Cir.1991). Additionally, a federal prisoner is not entitled to credit for time spent on bond. See Marrera v. Edwards, 812 F.2d 1517, 1517 (6th Cir.1987). Moreover, a challenge to the computation of sentencing credit must be brought in a petition for a writ of habeas corpus filed under 28 U.S.C. § 2241, not in a motion to vacate sentence under § 2255. See Cohen v. United States, 593 F.2d 766, 770-71 (6th Cir.1979).
 
 
 7
 Accordingly, all requests for relief are denied, and the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation