977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas GILMER, Jr., Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5448.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Thomas Gilmer, Jr., appeals the denial of his motion for sentence credit pursuant to 18 U.S.C. § 3568. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner filed his motion in the district court seeking credit towards service of his six year sentence imposed for a drug offense. Petitioner requests credit for time he spent reporting to the United States Probation and Parole Office before his guilty plea in the district court. The magistrate judge recommended that the motion be denied, and petitioner failed to file objections. The district court adopted the magistrate judge's recommendation and denied the motion.
 
 
 3
 On appeal, petitioner seeks de novo review of his motion for sentence credit. Respondent replies that petitioner has waived his right to appellate review due to his failure to file objections to the magistrate judge's report and recommendation, and that the motion for sentence credit is without merit. Upon consideration, we will affirm the judgment of the district court.
 
 
 4
 Petitioner has waived his right to appellate review by his failure to object to the magistrate judge's report and recommendation pursuant to United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981). See Thomas v. Arn, 474 U.S. 140, 155 (1985). Nor do the interests of justice require that petitioner's failure to file objections be ignored because the district court correctly concluded that petitioner's motion should be brought in the district court having jurisdiction over petitioner's custodian. See United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir.1988). Also, it appears that petitioner's motion clearly is without merit in any event because petitioner is not entitled to credit for time spent on his own recognizance awaiting trial. See Marrera v. Edwards, 812 F.2d 1517 (6th Cir.1987) (order).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.