98 F.3d 1341
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby L. COOPER, Petitioner-Appellant,
v.
SECRETARY OF the ARMY; Mark H. Luttrell, sued as Warden
FCI-Manchester, Respondents-Appellees.
 No. 95-6518.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Bobby L. Cooper, a pro se federal prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1967, Cooper was dishonorably discharged from the United States Army, following a court-martial for unspecified charges. Thereafter, in 1991, Cooper was convicted and sentenced on numerous firearms charges in the United States District Court for the Western District of Virginia; he was sentenced to 30 years plus 21 months of imprisonment.
 
 
 3
 In his § 2241 petition for habeas relief, Cooper challenged the legality of his military court-martial for unspecified charges. Cooper raised four grounds for relief, including: 1) ineffective assistance of counsel; 2) lack of jurisdiction; 3) cruel and unusual punishment; and 4) defective charge sheet. The district court concluded that Cooper was not "in custody" pursuant to the military court martial and that he had not exhausted his available remedies. Thus, it dismissed the petition without prejudice.
 
 
 4
 Cooper has filed a timely appeal, essentially reasserting his same claims.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Cooper's petition for the reasons stated in its memorandum opinion filed November 8, 1995. See Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990). The district court lacked jurisdiction to review Cooper's petition because he is not in custody pursuant to his military conviction, see 28 U.S.C. § 2241(c); Sevier v. Turner, 742 F.2d 262, 268-69 (6th Cir.1984), nor is he subject to any restraints because of the military conviction. See Marrera v. Edwards, 812 F.2d 1517, 1517 (6th Cir.1987).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.