UNITED STATES of America,
Plaintiff–Appellee,

v.

Raymond WOODS,
Defendant–Appellant.

No. 88–2084.

United States Court of Appeals,
Tenth Circuit.

Oct. 20, 1989.

Michael J. Norton, Acting U.S. Atty., Michael P. Carey, and Kathryn Meyer, Asst. U.S. Attys., Denver, Colo., for plaintiff-appellee.

Michael G. Katz, Federal Public Defender and Vicki Mandell–King, Asst. Federal Public Defender, Denver, Colo., for defendant-appellant.

Before SEYMOUR, HENLEY * and BALDOCK, Circuit Judges.**

BALDOCK, Circuit Judge.

Defendant-appellant, Raymond Woods, appeals the denial of credit on his prison

---

* The Honorable J. Smith Henley, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a). 10th Cir.R. 34.1.9. The cause is therefore submitted without oral argument.

sentence for time spent on bond in a residential treatment center ("halfway house") prior to the commencement of his sentence. Woods argues that statute entitles him to such credit and that a denial violates his constitutional right to equal protection because halfway house residents who have commenced their sentences are granted credit, while pre-sentence residents are not. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.

On February 4, 1988, Woods was arrested and charged with assault on a federal officer. On February 8, the district court released him on bond with the condition that he reside at Independence House, a halfway house. On March 2, the district court modified Woods's bond to enable him to participate in work release. On April 14, he pleaded guilty to conspiracy to rob and assault a federal officer, 18 U.S.C. § 371. On April 21, bond was modified to enable Woods to spend weekends at home pending sentence. On June 24, the court sentenced Woods to 27 months imprisonment. Woods unsuccessfully sought to reduce this sentence with credit for the time he resided at the halfway house.

## II.

■ The Attorney General has the initial discretion to credit a prison term with time spent in custody prior to commencement of sentence. *United States v. Baez,* 732 F.2d 780, 782 (10th Cir.1984). A defendant must therefore exhaust his administrative remedies with the Attorney General before seeking judicial review. *United States v. Mitchell,* 845 F.2d 951, 952 (11th Cir.1988). However, a defendant's failure to exhaust administrative remedies does not preclude judicial review where the government fails to raise an objection. *See, e.g., Granberry v. Greer,* 481 U.S. 129, 132–34, 107 S.Ct. 1671, 1674–75, 95 L.Ed.2d 119 (1987) (state may waive exhaustion requirement in federal habeas corpus action); *Zipes v. Trans World Airlines,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982) (exhaustion of administrative remedies is not jurisdictional prerequisite to Title VII suit but merely condition precedent subject to waiver and estoppel); *Middendorf v. Henry,* 425 U.S. 25, 29 n. 6, 96 S.Ct. 1281, 1285 n. 6, 47 L.Ed.2d 556 (1975) (court martialed serviceman's failure to exhaust military remedies no bar to judicial review where military waives exhaustion requirement); *Mathews v. Eldridge,* 424 U.S. 319, 330–31, 96 S.Ct. 893, 900–01, 47 L.Ed.2d 18 (1975) (Social Security Administration can waive exhaustion requirement at any stage of administrative process); *Reed v. Heckler,* 756 F.2d 779, 783 (10th Cir.1985) (same). Because the government has not raised exhaustion in the instant case, we deem it waived and address the merits of Woods's appeal.

## III.

Disposition of Woods's claim requires a two-step inquiry. First, we must determine whether 18 U.S.C. § 3585 entitles a criminal defendant credit for pre-sentence custody in a conditional release environment. If § 3585 does not apply to defendants on conditional release, we must then consider whether providing credit to a halfway house resident serving his sentence, while denying credit for such residence prior to commencement of sentence, violates equal protection. Application of these facts to 18 U.S.C. § 3585 and analysis of Woods's equal protection claim are questions of law subject to *de novo* review. *Supre v. Ricketts,* 792 F.2d 958, 961 (10th Cir.1986).

### A.

■ The statute governing credit for time served prior to trial provides in pertinent part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed....

18 U.S.C. § 3585(b) (emphasis supplied). Section 3585 replaced 18 U.S.C. § 3568

which provided that a defendant receive credit for time spent "in custody" prior to commencement of his sentence. S.Rep. No. 225, 98th Cong., 2d Sess. 128–129, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3311–12. Congress did "not intend a different result" from the old statute (18 U.S.C. § 3568) because only time served in "official custody" could be credited against jail time. *Id.* Thus, for the purposes of our analysis, the only difference between § 3585 and the superseded section is that the latter applies to defendants accused of committing crimes prior to November 1, 1987. *See Pinaud v. James,* 851 F.2d 27, 30–31 (2d Cir.1988). We find nothing in the language of 18 U.S.C. § 3585 itself or its legislative history to indicate a departure from the precedents decided under the predecessor statute.

This court considered whether a prisoner could receive credit for time spent on bond in *Ortega v. United States,* 510 F.2d 412 (10th Cir.1975). We concluded that no such credit was envisioned, holding that "the 'custody' contemplated by § 3568 relates to actual custodial incarceration." *Id.* at 413. Other circuits considering this question have reached similar results. *See, e.g., United States v. Mares,* 868 F.2d 151, 152 (5th Cir.1989); *Villaume v. United States Dept. of Justice,* 804 F.2d 498, 499 (8th Cir.1986), *cert. denied,* 481 U.S. 1022, 107 S.Ct. 1908, 95 L.Ed.2d 514 (1987); *United States v. Golden,* 795 F.2d 19, 21 (3d Cir. 1986); *United States v. Robles,* 563 F.2d 1308, 1309 (9th Cir.1977), *cert. denied,* 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978).

For the purpose of calculating credit for time served under 18 U.S.C. § 3585, "official detention" means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration. *See Robles,* 563 F.2d at 1309 (conditional release on bond not custody); *United States v. Peterson,* 507 F.2d 1191, 1192 (D.C.Cir. 1974) ("custody" under § 3568 "means detention or imprisonment in a place of confinement"); *Polakoff v. United States,* 489 F.2d 727, 730 (5th Cir.1974) (defendant's

time on "highly restricted bond" not "custody" under § 3568). Although a criminal defendant is entitled credit under 18 U.S.C. § 3585 for time spent in detention prior to commencement of sentence, no such credit is allowed for time spent on conditional release.

In *Anderberg v. Martin,* 679 F.Supp. 1034 (W.D.Okla.1987), a prisoner sought credit for time spent at a halfway house while on conditional release. Despite the fact that the defendant was not completely at liberty, the court held that he was not entitled to any credit.

> Credited custody is equated not just with "severe restraint on individual liberty," but with the punishment of incarceration. Although restrictions were placed on petitioner's conduct, they were in no way equal to the restrictions placed on a person physically confined in a jail or similar institution.

*Id.* at 1036 (quoting *United States v. Hoskow,* 460 F.Supp. 929, 931 (E.D.Mich.1978)). *See also Ramsey v. Brennan,* 878 F.2d 995, 996 (7th Cir.1989) (time spent in halfway house as condition of bond not creditable under § 3568). We find this reasoning persuasive and fully applicable to the definition of "official detention" in 18 U.S.C. § 3585(b).

It is important to distinguish the definition of detention under 18 U.S.C. § 3585 from the definition of custody under federal habeas corpus. *See* 28 U.S.C. § 2241. The Supreme Court has adopted an expansive definition of custody for purposes of conferring standing to bring a habeas corpus action. *See Hensley v. Municipal Court,* 411 U.S. 345, 351–52, 93 S.Ct. 1571, 1574–75, 36 L.Ed.2d 294 (1973) (petitioner released on own recognizance meets "custody" requirement of 28 U.S.C. § 2241). This definition, however, has never been extended to prisoners seeking credit for pre-sentence detention. *Ortega,* 510 F.2d at 413; *Mares,* 868 F.2d at 152 (federal habeas statute "irrelevant to the definition of custody under § 3568"). It thus has no bearing on 18 U.S.C. § 3585.

We hold that 18 U.S.C. § 3585 does not entitle Woods to credit for time spent at Independence House when he was on bond. *See Ortega,* 510 F.2d at 413. Although the court required, as a condition of release, that Woods reside at Independence House, this restriction does not equal the deprivation of liberty experienced by a person incarcerated in a jail facility. *See Ramsey,* 878 F.2d at 996; *Anderberg,* 679 F.Supp. at 1036. As such, Woods is not entitled to credit under 18 U.S.C. § 3585.

### B.

■ A two-part test is required to evaluate Woods's contention that giving credit to halfway house residents serving their sentences, while denying such credit to residents who have not commenced their sentence, violates equal protection. First, we must determine whether pre-sentence residents of Independence House are "similarly situated" to post-sentence prisoners. *See Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439, 105 S.Ct. 3249, 3253–54, 87 L.Ed.2d 313 (1985). If the groups are not similarly situated, there is no equal protection violation. If they are similarly situated, the government must demonstrate a rational basis for the disparate treatment. *Id.* at 440–41, 105 S.Ct. at 3254–55. Because pre-sentence residents of halfway houses are not a suspect class, a rational basis will render their disparate treatment constitutional. *See id.*

Here, we have no factual record from which to determine whether residents of Independence House serving their sentence experience the same level of restraint as those who have not yet commenced their sentence. However, even if the two groups are equally treated, we hold as a matter of law that their divergent legal status negates the possibility that they are similarly situated. Post-sentence residents have been adjudicated guilty and are serving their sentence at Independence House pursuant to the Attorney General's discretion to determine the conditions of punishment.[1] In contrast, pre-sentence residents are not being punished; they are conditionally released to Independence House to protect the community and assure their presence at trial and sentencing.[2] *See United States v. Affleck,* 765 F.2d 944, 958–59 (10th Cir.1985) (en banc) (purpose of bail not punitive). For Woods to be similarly situated, he would have to compare himself to other pre-sentence residents at Independence House. *See Anderberg,* 679 F.Supp. at 1036–37; *Brown v. Rison,* 673 F.Supp. 1505, 1508–09 (C.D.Cal.1987).

Woods invokes *Johnson v. Smith,* 696 F.2d 1334 (11th Cir.1983), where the Eleventh Circuit affirmed the award of credit for time served by a pre-sentence resident in a halfway house on equal protection grounds. In *Johnson,* the government conceded without argument that pre- and post-sentence residents were similarly situated and failed to argue *any* rational basis for only giving credit to the latter group. *Id.* at 1340. Here, the government denies that pre- and post-sentence residents are similarly situated and advances a rational basis for their disparate treatment. Appellant's reliance upon *Johnson* is therefore

---

1. The Attorney General's authority to house prisoners in halfway houses is contained in 18 U.S.C. § 4001(b) which provides in pertinent part:

   (1) The control and management of Federal penal and correctional institutions, except military or naval institutions, shall be vested in the Attorney General ...

   (2) The Attorney General may establish and conduct industries, farms, and other activities and classify the inmates; and provide for their proper government, discipline, treatment, care, rehabilitation, and reformation.

2. A court's authority to grant a criminal defendant conditional release is codified in 18 U.S.C. § 3142(c) which provides:

Release on conditions.—(1) If the judicial officer determines that ... release [on personal recognizance] will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—

  .    .    .    .    .

   (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community....

inapposite. *See Ramsey*, 878 F.2d at 997 (rejecting *Johnson*'s equal protection analysis altogether).

AFFIRMED.