918 F.2d 958
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Andre T. FLYNT, also known as Terry Flynt, Defendant-Appellant.
 No. 90-3074.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Andre T. Flynt entered a guilty plea to a charge of conspiracy to distribute cocaine and received a 33 month sentence of imprisonment. He then filed with the District Court for the Northern District of Ohio a "Motion for Jail Credit," in effect a request for reduction of his federal sentence, alleging that he was entitled to 162 days credit towards his sentence for the time he was released on supervised bond prior to being sentenced. The district court denied the motion, finding that, since the record failed to indicate that Flynt had pursued and exhausted his administrative remedies with the Bureau of Prisons, the court lacked jurisdiction to entertain Flynt's claim. This appeal followed.
 
 
 3
 Upon consideration, we affirm the denial of Flynt's motion but for reasons other than those stated by the district court. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 4
 Flynt is not required to exhaust his administrative remedies with the Attorney General before seeking judicial review. A federal district court has the initial authority and duty to credit a prison term with time spent in presentence custodial detention. See United States v. Wilson, No. 89-6583, slip op. at 5-6 (6th Cir. Oct. 23, 1990).
 
 
 5
 In any event, the law on the merits is squarely against Flynt. For purposes of calculating credit for time served under 18 U.S.C. Sec. 3585, "official detention" as set forth in that statute has been interpreted as "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." See United States v. Woods, 888 F.2d 653, 655 (10th Cir.1989), cert. denied, 110 S.Ct. 1301 (1990). Inasmuch as the trial court required, as a condition of release, that Flynt's travel and place of residence be restricted to the Northern District of Ohio, these restrictions do not equal the deprivation of liberty experienced by a person incarcerated in a jail facility. Woods, 888 F.2d at 656. As such, Flynt is not entitled to credit under Section 3585.
 
 
 6
 Accordingly, the request to proceed in forma pauperis is granted, and the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.