931 F.2d 63
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leroy Vincent BALLEJOS, Defendant-Appellant.
 No. 90-2167.
 United States Court of Appeals, Tenth Circuit.
 April 17, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After participating in the planning of a bank robbery and driving the get away car for his two coconspirators who actually entered the bank and took money at gunpoint, defendant Leroy Vincent Ballejos entered a plea of guilty to charges of bank larceny and aiding and abetting. In a written plea agreement, Mr. Ballejos and the government stipulated that Mr. Ballejos had been a "minimal participant" in the offense for the purpose of sentencing. Notwithstanding, at the arraignment defendant acknowledged his recognition that the court was not bound by the stipulation.
 
 
 2
 At sentencing, the trial court refused to accept the stipulation and found instead defendant was a "minor participant." Mr. Ballejos now appeals on the ground the district court should have given him a four level reduction as a minimal participant and should have given him credit for the presentence time during which he was under curfew. We affirm.[1]
 
 
 3
 Mr. Ballejos makes an impassioned plea that as a matter of law he was entitled to a finding by the trial court that he was a minimal participant because he had no knowledge that one of his coconspirators was armed; that he was under the influence of marijuana at the time of the offense;[2] that his coconspirators kept the truth from him; and all he did was drive the car. The district court, however, found that "[h]e is every bit as important to a bank robbery as the people who went in if he's driving the car."
 
 
 4
 Whether a defendant is a minimal or minor participant in a criminal transaction is a question of fact. United States v. Calderon-Porras, 911 F.2d 421 (10th Cir.1990). Factual findings made for the purpose of sentencing are subject to a clearly erroneous review by this court. United States v. Poole, --- F.2d ---- (1991 WL 45364 (10th Cir.)). Defendant fails to dispute whether the trial court's finding was erroneous, raising instead a rhetorical question for our consideration.[3]
 
 
 5
 First, asserting the defendant was "induced" to plead guilty to bank larceny by the government's recommendation of a four point reduction, counsel posits, "What does counsel do when a defendant asks whether he should plead guilty, or go to trial?" Although the question fails to address any issue before us, we would suggest it is counsel's duty to advise the accused of all the possible consequences of pleading guilty or going to trial and letting the client make an informed decision.
 
 
 6
 Moreover, the impassioned argument rings hollow. The defendant clearly understood that the court was not bound by the government's recommendation, and he stated that understanding before the district court accepted his plea. Defendant was also advised: "If you do not get credit for six--a reduction of six under the guidelines, I will not allow you to withdraw your plea, because those stipulations are not binding on me." Not only did defendant then voice his understanding of that admonition, but also counsel acknowledged the court correctly stated the terms of the plea agreement. To now argue the defendant was somehow misled, or that the justice system must recompense him for treating lightly his plea, is simply disingenuous.[4]
 
 
 7
 Finally, defendant argues because he was subject to a 7:00 p.m. to 7:00 a.m. presentence curfew monitored by an electronic ankle bracelet, he should have been given credit for time served as part of his sentence. Counsel quixotically argues, "Members of this court should not render a decision in this case until each has worn a four ounce bracelet around an ankle for a period for perhaps forty-eight hours, trying to forget that it exists." Since the issue turns, however, on the legal question of whether curfew is "official detention," this invitation is, at best, gratuitous.
 
 
 8
 A defendant is entitled to credit toward the service of a term of imprisonment for "any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. Sec. 3585. In United States v. Woods, 888 F.2d 653 (10th Cir.1989), cert. denied, 110 S.Ct. 1301 (1990), we held that presentence time spent by a defendant in a halfway house was not official detention for the purpose of Sec. 3585. We reasoned that official detention means imprisonment "in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." Woods, 888 F.2d at 655. Despite the additional burden of having to wear a plastic ankle bracelet, the time spent by defendant under curfew is no more full physical incarceration than residence in a halfway house. We are not persuaded to the contrary by counsel's passion.[5]
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument
 
 
 [2]
 The fact is irrelevant to the sentencing decision. U.S.S.G. Sec. 5K2.13 (diminished mental capacity from non-voluntary use of drugs may be considered only in sentencing for a nonviolent offense)
 
 
 [3]
 Counsel also cites cases dealing with downward departure; however, because this is a case of level reduction and not downward departure (both of which are distinctly different considerations) defendant's authority is inapposite. Moreover, the discretionary refusal to depart downward is not subject to review. United States v. Soto, 918 F.2d 882, 883 (10th Cir.1990)
 
 
 [4]
 Counsel also asks "this court to state a policy which will effect [sic] the future of plea bargains in this circuit by making this appellant's waiver of his right to a trial a meaningful one." The import of this request is unclear, but if counsel is suggesting we should hold as a matter of law a trial court must be bound by the stipulations in a plea agreement, his dog won't hunt
 
 
 [5]
 The government argues that we do not have jurisdiction over this case because defendant asked for clarification of his sentence before filing his notice of appeal. United States v. Green, 847 F.2d 622 (10th Cir.1988), leads us to the contrary conclusion