934 F.2d 320
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abraham SPEAS, Defendant-Appellant.
 No. 90-5200.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 18, 1991.
Decided June 5, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. W. Earl Britt, District Judge. (CR-89-33-3)
 H. Gerald Beaver, Beaver, Thompson, Holt & Richardson, P.A., Fayetteville, N.C., for appellant.
 Thomas Wayne Dworschak, Special Assistant United States Attorney, Raleigh, N.C., for appellee.
 E.D.N.C.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Abraham Speas pleaded guilty to one count of conspiracy to distribute marijuana and cocaine. Prior to his sentencing, Speas was released on a home arrest program with electronic monitoring. He was confined to his mother's house and was allowed no visitors except for family members, attorneys, or their representatives. He was also required to submit to random urinalysis and to pay the costs of his home arrest. Speas participated in the home arrest program from September 8, 1989 until he was sentenced on July 2, 1990.
 
 
 2
 The court declined to depart downward to the extent recommended by the government for Speas's cooperation or to credit Speas's term of imprisonment with the time he was held on house arrest and sentenced Speas to 120 months imprisonment. Speas noted a timely appeal through counsel.
 
 
 3
 As both parties note in their briefs, a refusal to depart, either up or down, is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 59 U.S.L.W. 3244 (U.S.1990). Therefore, this Court will not review the district court's refusal to depart downward to the degree recommended by the government and Speas.
 
 
 4
 Speas also asserts that his 120-month sentence should be credited with the time he spent on house arrest with the electronic monitoring device. Under 18 U.S.C. Sec. 3568, a person sentenced to a term of imprisonment could receive credit toward his sentence "for any days spent in custody in connection with the offense or acts for which sentence was imposed." (Emphasis added.) Effective November 1, 1987, however, 18 U.S.C. Sec. 3585 replaced Sec. 3568. Under Sec. 3585(b), a defendant shall be given credit toward his term of imprisonment "for any time he has spent in official detention prior to the date the sentence commences." (Emphasis added.)
 
 
 5
 Agreeing with the majority of circuits which have interpreted both statutes, this Court recently held that "[c]onditions of release are not custody." United States v. Insley, --- F.2d ----, No. 90-7324 (4th Cir. Mar. 7, 1991) (slip op. at 3). This Court agreed with the Tenth Circuit in holding that "[f]or the purpose of calculating credit for time served under 18 U.S.C. Sec. 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." Id., quoting United States v. Woods, 888 F.2d 653, 655 (10th Cir.1989), cert. denied, 58 U.S.L.W. 3545 (U.S.1990). In Insley, the appellant was required to seek employment, to reside with her parents under an electronic monitoring system, to report to the probation office regularly, to abide by a 9:00 p.m. curfew, to execute a bond, to submit to random drug testing, and to stay in touch with her attorney. Insley was allowed to leave the residence only to seek employment or to travel to work or church. This Court stated that these conditions "did not rise to the level of physical incarceration." Insley, slip op. at 3. The Court also noted that neither the language nor the legislative history of Sec. 3585 indicated a departure from precedents decided under Sec. 3568. Id. at 4-5.
 
 
 6
 Since the conditions of Speas's house arrest at his mother's home with an electronic monitoring device are comparable to the conditions imposed in Insley, which we held did not amount to "official detention" under 18 U.S.C. Sec. 3585, we affirm the district court's refusal to grant Speas the time credit he requested.[1] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 We grant Speas' motion to submit the cases on the briefs