UNITED STATES of America, Plaintiff,

v.

**Bobby Allen JAMESON, Defendant.**

**Nos. 89–10035–01, 90–10013–01.**

United States District Court,
D. Kansas.

Aug. 29, 1991.

Lee Thompson, U.S. Atty., Kim Fowler, Asst. U.S. Atty., Wichita, Kan., for U.S.

Bobby Allen Jameson, pro se.

### MEMORANDUM AND ORDER

CROW, District Judge.

On May 3, 1989, Bobby Allen Jameson was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Case No. 90–10013–01). On May 17, 1989, Jameson was indicted on five counts of bank robbery and one count of possession of a firearm in commission of a felony in violation of 18 U.S.C. § 924(c)(1) (Case No. 89–10035–01). Jameson was ordered de-

tained on that same day. Jameson was released on bond August 2, 1989. Jameson entered pleas of guilty to the crimes charged.

In Case No. 89–10035–01, Jameson was sentenced to a primary term of incarceration of 71 months on the bank robbery counts and a consecutive term of 60 months in regard to the Count VI (possessions of a firearm during the commission of a felony). Jameson was also sentenced to a five-year term of supervised release. In Case No. 90–10013–01, Jameson was sentenced to a primary term of incarceration of 71 months, to run concurrently with the term of imprisonment imposed in Case No. 89–10035–01. Jameson was also sentenced to a 5–year term of supervised release, to run concurrent with the term imposed in Case No. 89–10035–01.

This case comes before the court upon Jameson's motion for jail time credit in the amount of 284 days, representing the period of time he was released on bond. The Government opposes Jameson's motion, contending that he is not entitled to credit for time while released on bond.

Jameson states that he is bringing this action pursuant to 18 U.S.C. § 3568.[1] In his motion, Jameson states:

As noted in recent Circuit Court decisions concerning the subject of Jail Time Credit, I find due to the restrictions imposed upon me while on Bond that I am entitled to the sanctioned Jail Time Credit even though I was released on Bond.

Those restrictions were:

1. Restricted to the area of Tulsa County, Oklahoma.

2. Must live with Parents.

3. Must report to my Probation Officer daily.

4. Each and every day, a 9 P.M. Curfew.

5. Must see a Psychiatrist weekly for evaluation.

6. Must follow Medicated Prescription.

7. Must report to District court at any and all Hearings and any or all Court directives.

8. Must stay employed.

Jameson contends that these conditions, coupled with the bond requirements, entitles him to jail time credit.

Jameson does not identify which "Circuit Court" decisions are supportive of his claim that he is entitled to credit for time served while released on bond. The court's research of this issue indicates that Jameson's contention is without merit.

If this case were governed by § 3568, Jameson would not be entitled to credit for time served on bond. In *Ortega v. United States,* 510 F.2d 412 (10th Cir.1975), applying § 3568, the Tenth Circuit stated:

[T]he "custody" contemplated by § 3568 relates to actual custodial incarceration. Such "custody" does not include the time a criminal defendant is free on bond, either before or after conviction.

510 F.2d at 413.

As noted above, 18 U.S.C. § 3585 governs this case. 18 U.S.C. § 3585(b) provides in pertinent part:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent official detention prior to the date the sentence commences—

(1) As a result of the offense for which the sentence was imposed ...

In *United States v. Woods,* 888 F.2d 653 (10th 1989), cert. denied, —— U.S. ——, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990), the Tenth Circuit determined that Congress did not, by the adoption of 18 U.S.C. § 3585, intend to reach a different result than would have been reached under § 3568. 888 F.2d at 655. The court of appeals also concluded:

For purposes of calculating credit for time served under 18 U.S.C. § 3585, "official detention" means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not

---

1. 18 U.S.C. § 3585(b) replaced 18 U.S.C. § 3568. 18 U.S.C. § 3585 applies to defendants accused of crimes committed after November 1, 1987.

*United States v. Woods,* 888 F.2d 653, 655 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1301, 108 L.Ed.2d 478 (1990).

subject to full physical incarceration. (citations omitted). Although a criminal defendant is entitled credit under 18 U.S.C. § 3585 for time spent in detention prior to commencement of sentence, no such credit is allowed for time spent on conditional release.

*Id.* The court concluded that the defendant was not entitled to credit for time served at a halfway house where he was allowed to participate in a work release program and spend weekends at home.

In *United States v. Roth*, 934 F.2d 248 (10th Cir.1991), the court of appeals considered a defendant's request for credit for time served while awaiting disposition of his case. The Tenth Circuit concluded the "confinement must 'equal the deprivation of liberty experienced by a person incarcerated in a jail facility' to warrant a credit for time served." *Id.* at 253 (quoting *Woods*, 888 F.2d at 656). *See, United States v. Insley*, 927 F.2d 185, 186–87 (4th Cir.1991) (appeal bond that partially restricted defendant to parents' house not official detention).

The court has reviewed the restrictions placed upon Jameson while released on bond and concludes that they do not individually or in combination rise to the level of deprivation of liberty articulated by the Tenth Circuit necessary to entitle him to any credit.

IT IS THEREFORE ORDERED that Jameson's motion for jail time credit in Case No. 90–10013–01 and Case No. 90–10035–01 (Dk. 52) is denied.