**Robert MEDINA, Petitioner,**

**v.**

**J.J. CLARK, Warden, Respondent.**

**No. 90–2415–TUBRO.**

United States District Court,
W.D. Tennessee, W.D.

Feb. 28, 1992.

Robert Medina, FCI Memphis, Memphis, Tenn., for petitioner.

Harriett Miller Halmon, Asst. U.S. Atty., Memphis, Tenn., for respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITION FOR A WRIT OF HABEAS CORPUS

TURNER, District Judge.

Petitioner Robert Medina is a federal prisoner serving a sentence pursuant to the Judgment of the United States District Court for the Eastern District of Pennsylvania entered January 25, 1988. He was sentenced to serve a period of incarceration of 14 years for various offenses.

He has filed a Petition for a Writ of Habeas Corpus and seeks therein to obtain credit against his present sentence for time that passed while he was released from detention on unusually restrictive conditions both before his trial and thereafter while awaiting designation to a federal prison facility.

The conditions that were attached to his release by the district court, which rejected

the government's request for pretrial detention, included:

1. Defendant will post 10% of $100,000 bail and post good title to his home. . . .

2. Defendant shall forthwith cease and desist all union activity directly or indirectly until further Order of this Court.

3. Defendant agrees to remain at his home in . . . New Jersey, subject to house arrest.

4. Defendant agrees to cease all personal contact with all but family members, attorneys and friends having no relation to the allegations in this case.

5. Defendant will surrender all firearms.

6. Defendant shall report by telephone daily to the Pretrial Services Officer.

Petitioner alleges that he was subject to this house arrest for a period of "thirty (30) months" including the time between his initial pretrial release on November 4, 1986, until he reported to commence service of his sentence after the conclusion of his trial and appeal.[1]

Upon referral, the magistrate judge determined that the petition was not well taken and recommended that it be denied. The petitioner has filed objections to the Report and Recommendation and contends that the magistrate judge was in error. The court has reviewed the issues *de novo* raised by the Petition for a Writ of Habeas Corpus and concludes that the ultimate conclusion reached by the magistrate judge is correct under applicable law as applied to the facts alleged by the petitioner. The magistrate judge analyzed this question based on the cases decided under the predecessor to the current sentence credit statute on the basis that "Congress did 'not intend a different result' " in changing the statute. *United States v. Woods*, 888 F.2d 653, 655 (10th Cir.1989). His analysis dealt with 18 U.S.C. § 3568, a statute that was repealed effective November 1, 1987. I

1. The total time involved during which petitioner was subject to house arrest appears to be approximately 18 months, but the exact time

computation need not be made in light of this denial of the requested credit.

find nothing erroneous in the analysis of that prior law, and adopt the Report in that respect.

Petitioner was initially released on conditions on November 4, 1986, at a time while the prior law was effective. The question of whether he is entitled to credit for the time spent under the conditions of the release order prior to the effective date of the new statute may be determinable under the prior law. On the other hand, 18 U.S.C. § 3585 became effective November 1, 1987, and may control this issue from that date until he reported to commence his sentence in May 1988. Since I conclude that petitioner is not entitled to credit under either 18 U.S.C. § 3568 (now repealed) or 18 U.S.C. § 3585, the question of which statute is controlling need not be resolved.

When Congress enacted 18 U.S.C. § 3585, it clarified its intent with respect to the credits that should be awarded against incarceration sentences imposed after the effective date of that statute. Section 3585(b), provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in *official detention* prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed;

. . . .

that has not been credited against another sentence.

18 U.S.C. § 3585(b) (1988) (emphasis added).

The term "detention" is one that is used on more than one occasion in Pub.L. 98–473 of October 12, 1984, which is the statutory enactment that created 18 U.S.C. § 3585 quoted above. It is also used in Chapter 207, 18 U.S.C. § 3141, *et seq.* which is the part of Pub.L. 98–473 that addresses the release and detention of pretrial and post-trial defendants. In 18 U.S.C. § 3142(i) (1988), Congress provided:

In a detention order issued under subsection (e) of this section, the judicial officer shall—

. . . .

(2) direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility. . . .

In that chapter it is clear that the term "detention" refers to the commitment of the defendant to the custody of the Attorney General "for confinement in a corrections facility." 18 U.S.C. § 3142(i)(2).[2] Such detention is ordered in lieu of the defendant's release on his personal recognizance (18 U.S.C. § 3142(b)) or upon conditions deemed necessary to assure the defendant's appearance or the safety of other persons or the community (18 U.S.C. § 3142(c)). The words "release" and "detention" are used as opposites of each other and do not overlap in their meanings. *See* 18 U.S.C. § 3142(a).

This court believes it reasonable to infer from the changes made in the credits language when 18 U.S.C. § 3585 was adopted and 18 U.S.C. § 3568 was repealed that Congress was aware of the reported disputes that had arisen under prior law regarding the meaning of the word "custody" as it was used in 18 U.S.C. § 3568 relative to sentence credits. That law is now well reported and need not be reviewed here. Suffice it to say that there was substantial room for dispute under 18 U.S.C. § 3168 as to what type of pretrial liberty restrictions constituted "custody" and those disputes resulted in much litigation over sentence credits. Given this reported litigation and the definite change of statutory language, I conclude that Congress intended to clarify the type of custody which would qualify for sentence credits and that it opted to substitute the term "official detention" for "custody" in order to express its intent in that regard.[3] The

2. This opinion does not address the question of whether a temporary release into the custody of the United States Marshal under other provisions of 18 U.S.C. § 3142(i) would come within the provisions of "official detention."

3. The legislative history does not discuss this change in language from "custody" to "detention" and actually speaks of credit for time spent in "official custody." *See Comprehensive Crime Control Act of 1984*, S.Rep. No. 98–225,

plain meaning of the term "detention," as it is used in the statute on more than one occasion, excludes pretrial and post-trial release subject to house arrest under circumstances where the defendant is not within the custody of the Attorney General or the United States Marshal. This is not to say that some terms of release do not approach the type of restrictions that are usually associated with official detention, but only that Congress has passed legislation which precludes sentence credits for such restrictive release.

The court adopts the recommendation of the magistrate judge and the Petition for a Writ of Habeas Corpus is therefore denied.

IT IS SO ORDERED.

Aug. 4, 1983, *reprinted in* 1984 U.S.C.C.A.N. 3182, 3311–12.