968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joseph M. DACOSTA, Petitioner-Appellant,
v.
Warden BELASKI, Respondent-Appellee.
 No. 91-1377.
 United States Court of Appeals, Tenth Circuit.
 June 3, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Joseph Dacosta is currently incarcerated at FCI Englewood on a thirty-seven month sentence imposed July 23, 1990 upon his plea of guilty. As one of the conditions of Mr. Dacosta's pre-trial release, he was required to live at Pecos Street House, a community treatment center. Upon posting the required bond, Mr. Dacosta entered Pecos Street House on January 10, 1990, and remained there until June 4, 1990. He now appeals the failure of prison officials and the district court to award him credit for the 148 days he spent in Pecos Street House pursuant to the conditions of his pretrial bond.
 
 
 3
 Under the governing statute, a "defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences ... as a result of the offense for which the sentence was imposed." 18 U.S.C. § 3585(b). In United States v. Woods, 888 F.2d 653 (10th Cir.1989), cert. denied, 104 U.S. 1006 (1990), this court held that the statute does not entitle a prisoner to credit on his sentence for time spent in a halfway house, because the corresponding limitations on the defendant's conduct are not sufficiently restrictive to qualify as "official detention." Id. at 655.[1]
 
 
 4
 Mr. Dacosta alleges that the conditions of his "detention" at Pecos Street House were more restrictive than those suffered in Woods. While the magistrate who heard this claim in the first instance did not make findings about the actual nature of Mr. Dacosta's stay at Pecos Street House, the record suggests that the facts of the two cases are strikingly similar. Like Mr. Woods, Mr. Dacosta was permitted after approximately one month to leave the treatment center during the day in order to pursue employment. Compare Woods, 888 F.2d at 654 with rec., supp. vol. I, at 5. Similarly, on March 15, 1990, the terms of Mr. Dacosta's bond were modified to permit him to participate in a "Level System program," which might eventually have entitled him to weekend furloughs. Compare Woods, 888 F.2d at 653 with rec., supp. vol. I, at 9. The facts here are apparently uncontested, and we do not see any meaningful differences between this case and Woods which might require a different result here. Finally, Woods makes clear that our interpretation of section 3585(b) does not violate the constitutional guarantees of the Equal Protection Clause or the Fifth Amendment. 888 F.2d at 656-57.
 
 
 5
 Accordingly, Woods squarely controls the instant case, and we AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We are aware that several circuits have disagreed with this result, see, e.g., Brown v. Rison, 895 F.2d 533 (9th Cir.1990). However, we are bound by controlling Tenth Circuit authority, regardless of any contrary holdings by other circuits