76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Horacio R. TRUJILLO, Plaintiff-Appellant,
v.
Gilbert SANCHEZ, President, New Mexico Highlands University,
in his individual capacity, Defendant-Appellee.
 No. 95-2084.
 United States Court of Appeals, Tenth Circuit.
 Jan. 29, 1996.
 
 Before PORFILIO, KELLY, and LUCERO, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LUCERO, Circuit Judge.
 
 
 1
 Plaintiff Horacio Trujillo appeals from a judgment dismissing his 42 U.S.C.1983 action against defendant Gilbert Sanchez. We affirm.
 
 
 2
 Plaintiff, a professor in the Business Department at New Mexico Highlands University (NMHU), was awarded tenure by the NMHU Board of Regents contingent upon obtaining a Ph.D. The Regents did not set any time limit for doing so, nor did they specify that plaintiff could not work while obtaining the degree. Defendant, the President of NMHU, imposed a three-year time limit for plaintiff to obtain his Ph.D. and also placed plaintiff on unpaid leave of absence for that time period.
 
 
 3
 Plaintiff commenced the present action, alleging defendant violated his constitutional rights to equal protection and to make a living. Defendant moved to dismiss the complaint on the grounds that suit against him in his official capacity was barred by the Eleventh Amendment, and suit against him in his individual capacity was barred by the doctrine of qualified immunity.
 
 
 4
 Because plaintiff did not oppose dismissal of the claims against defendant in his official capacity, the district court granted the motion as to those claims.[2] It also dismissed the suit against defendant in his individual capacity, concluding that plaintiff failed to come forward with sufficient facts showing how defendant's conduct violated his constitutional rights and that defendant therefore was entitled to qualified immunity.
 
 
 5
 Qualified immunity is a question of law reviewed de novo. Liebson v. New Mexico Corrections Dep't, No. 94-2210, 1996 WL 1125, at * 1 (10th Cir. Jan. 2, 1996). The first step in the qualified immunity analysis is to determine whether plaintiff "has asserted a violation of a constitutional right at all." Id. (quotation omitted). We then must determine "whether that right was clearly established so that reasonable officials in defendant['s] situation would have understood their conduct violated that right." Id. When a defendant raises qualified immunity, the plaintiff has the burden of "(1) coming forward with sufficient facts to show that the defendant's conduct violated the law; and (2) demonstrating that the relevant law was clearly established when the alleged violation occurred." Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir.1995). In reviewing the dismissal of a complaint on qualified immunity grounds "we must accept all of the well-pleaded allegations in the complaint as true and must construe them in the light most favorable to [the plaintiff]." Liebson, 1996 WL 1125, at * 1.
 
 
 6
 Plaintiff claims defendant violated his right to equal protection by subjecting him to disparate treatment. A violation of equal protection occurs when the government treats someone differently than someone else who is similarly situated. Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1118 (10th Cir.1991). A threshold showing for an equal protection claim is that the plaintiff was treated differently than others who are similarly situated. Gehl Group, 63 F.3d at 1538. If groups "are not similarly situated, there is no equal protection violation." United States v. Woods, 888 F.2d 653, 656 (10th Cir.1989), cert. denied, 494 U.S. 1006 (1990).
 
 
 7
 The complaint alleged that tenure has been awarded to other faculty members both in and outside the Business Department who have not earned a Ph.D. and were allowed to maintain their employment at NMHU during their doctoral studies. It further alleged that defendant deprived plaintiff of his constitutional right not to have a burden placed on him greater than burdens imposed on others similarly situated. Appellant's App. at 2-3. However, it contained no allegations that plaintiff was similarly situated to these other faculty members. For example, the complaint failed to allege that the same decisionmaker was involved in the other faculty members' cases as in plaintiff's. We therefore conclude plaintiff failed to come forward with sufficient facts showing that defendant deprived plaintiff of equal protection.
 
 
 8
 Plaintiff also argues that defendant violated his right to be free from retaliatory discharge. An act taken in retaliation for the exercise of a constitutionally protected right can be actionable under 1983. DeLoach v. Bevers, 922 F.2d 618, 620 (10th Cir.1990), cert. denied, 502 U.S. 814 (1991). The complaint did not allege that defendant's actions were taken in retaliation for any particular reason. Plaintiff's opposition to the motion to dismiss stated that defendant's actions were motivated by "the Regents' nonconcurrence with his recommendation that Plaintiff be denied tenure." Appellant's App. at 47. At best, plaintiff appears to be claiming that defendant retaliated against the Regents because they disagreed with his recommendation. Plaintiff failed to allege that defendant violated any constitutional right he has to be free from retaliation.
 
 
 9
 Plaintiff also appears to claim that defendant deprived him of a property right--conditional tenure--without due process of law. Without addressing whether the grant of conditional tenure qualifies as a property right, we conclude the complaint failed to set forth a due process claim as it did not allege plaintiff was denied appropriate process. See Farthing v. City of Shawnee, 39 F.3d 1131, 1135 (10th Cir.1994)(defining elements of due process claim). We conclude the district court properly held defendant was entitled to qualified immunity.
 
 
 10
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 Consequently, those claims are not before us