UNITED STATES COURT OF APPEALS

**Filed 2/20/96**TENTH CIRCUIT

JOHNNIE LOUIS McALPINE, )
)
    Petitioner-Appellant, )
)
v. )      No. 95-6339
) (D.C. No. CIV-94-1308-L)
T.R. KINDT, Warden, )     (W. Dist. Okl.)
)
    Respondent-Appellee. )
)

ORDER AND JUDGMENT*

Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.

    After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    Petitioner, Johnnie Louis McAlpine, appeals the denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. McAlpine seeks approximately 16 months of sentence credit for time spent released on bond.

    McAlpine is serving a 46-month sentence for mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 2. He contends he is entitled to sentence credit for two

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

presentence periods (January 29, 1992 - February 15, 1993; and April 8, 1993 - August 23, 1993) when he was "confined" to an Indian Reservation.[1] The district court adopted the magistrate court's findings and recommended disposition, and denied the petition for habeas corpus. The court relied on Reno v. Koray, 115 S. Ct. 2021, 2026 (1995), which held that time spent while released on bail, no matter how restrictive the conditions, is not "official detention" within the meaning of 18 U.S.C. § 3585(b). The court also relied on United States v. Woods, 888 F.2d 653, 655 (10th Cir. 1989), which held that, for the purpose of calculating credit for time served under 18 U.S.C. § 3585, "official detention" means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person who is not subject to full physical incarceration.

McAlpine was released on bond during the periods at issue. He alleges that as a condition of his bond he was restricted to his residence on the Gray Horse Indian Village on the Osage Reservation.

On appeal, McAlpine argues that the court's failure to inform him that his time spent restricted to his residence while on bond did not count toward his sentence violated his due process rights, and that Indian law should be applied to his case. As McAlpine did not make this due process notice argument before the district court, we will not address it for the first time on appeal. Further, he fails to provide this court with a sufficient record to support his contention that he is entitled to relief under Justice Ginsburg's concurrence in Reno. Specifically, McAlpine has neither alleged nor shown that either bond period in question occurred after he entered his plea of guilty. Although McAlpine requests our application of

---

[1] We note petitioner has received presentence credit for January 29, 1992.

Indian law to this case, he does not direct us to any specific citations. We have found no authority that requires a different computation of sentence credit in this case merely because McAlpine is an American Indian. Although the United States has jurisdiction to prosecute crimes committed on an Indian reservation, this fact does not lead to the conclusion that McAlpine's conditional release on bond to his residence on an Indian reservation equates to "official detention" within the meaning of 18 U.S.C. § 3585(b). It is undisputed that McAlpine was not subject to a detention order during the two presentence periods at issue.

We have reviewed McAlpine's brief, the pleadings, the magistrate's proposed findings and recommended disposition, and the district court's order, and have carefully examined the entire record on appeal. Based upon our review of the record, we find no reversible error and affirm the denial of the petition for writ of habeas corpus for substantially the same reasons set forth in the district court's order.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge