**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID LAWRENCE WILSON,

 Petitioner-Appellant,

v.

A. HERRERA,

 Respondent-Appellee.

No. 99-1271

(D.C. No. 99-K-765)
(D.Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON, KELLY** and **BRISCOE,** Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

David Lawrence Wilson appeals the district court's denial of his 28 U.S.C. § 2241 petition for writ of habeas corpus. He alleges the Bureau of Prisons failed to credit his sentence for time spent in custody. We grant Wilson's application to

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

proceed in forma pauperis on appeal and affirm.

On November 30, 1983, Wilson was convicted in Florida state court of bank robbery and he was sentenced to seven years in prison. On April 23, 1984, he was convicted in Oregon federal district court of bank robbery and he was sentenced to fifteen years in prison, to be served consecutive to the Florida sentence. On February 4, 1987, Wilson was paroled in Florida and released from prison because the government had not filed a detainer for the Oregon conviction. Florida state officials rearrested him the next day and held him until September 11, 1988, when he was finally released after the government failed to file a detainer. On August 11, 1989, Wilson was arrested in Utah for his outstanding Oregon sentence and for another federal bank robbery charge. On December 18, 1989, the Utah federal district court sentenced him to a sentence that was eventually reduced to 151 months, to be served concurrent with the Oregon sentence. Wilson's Oregon sentence expired on January 16, 1997.

In his § 2241 petition, Wilson sought credit for time spent in custody (1) after he was rearrested by Florida officials on February 5, 1987, until his release on September 11, 1988, and (2) from August 11, 1989, to December 18, 1989, while he was in custody on the Utah charge. On appeal, Wilson only asserts he is entitled to credit against his Utah sentence for time spent in custody from August 11, 1989, to December 18, 1989. The district court found the time was credited to

his Oregon sentence and it could not be credited also against his Utah sentence.

We first note Wilson failed to exhaust his administrative remedies with the Attorney General.  See United States v. Woods, 888 F.2d 653, 654 (1989). However, his failure to exhaust these remedies does not preclude our review because the government failed to raise an objection.  See id.  We review de novo the district court's denial of habeas corpus relief.  Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Wilson was in prison from August 1989 until December 1989 serving his Oregon sentence.  His Oregon and Utah sentences are unrelated and do not involve the same charged conduct.

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>> (1) as a result of the offense for which the sentence was imposed; or
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).  Under § 3585(b), Wilson is not entitled to credit against his Utah conviction for time spent serving his Oregon sentence.

The government's motion to supplement the record on appeal with presentence investigation reports under seal is GRANTED.  We DENY Wilson's application for a certificate of appealability as moot.  See McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 n.1 (10th Cir. 1997) (AEDPA does not

-3-

apply to § 2241 appeals).  Wilson's motion to proceed on appeal in forma pauperis is GRANTED.  The district court's denial of Wilson's 28 U.S.C. § 2241 petition is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge