**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 4, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DAVID ALLAN SAUNDERS,

      Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

      Respondent - Appellee.

No. 07-4206

(D. Utah)

(D.C. No. 2:07-CV-659-TS)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner and appellant David Allan Saunders, proceeding pro se, appeals the denial of his 28 U.S.C. § 2241 petition challenging the execution of his sentence. We affirm.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Saunders, an inmate in a federal correctional institution in Safford, Arizona, filed a § 2241 petition in the federal district court in Utah, alleging that his Fifth Amendment rights had been violated because his pretrial supervised release/probation time was not credited towards his sentence. He accordingly asked the district court to order the Federal Bureau of Prisons to adjust his "in custody" date to reflect his pretrial supervised release time.

In a succinct two-page order, the district court denied Saunders' petition, finding that Saunders' service of pretrial release time does not entitle him to the requested credit. Saunders timely appealed.[1] We agree with the district court's analysis and conclusion.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed." We have held that "[f]or the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." United States v. Woods, 888 F.2d 653, 655 (10th Cir. 1989). Thus, "[a]lthough a criminal defendant is entitled credit under 18 U.S.C. § 3585 for time spent in detention

---

[1]Saunders filed a pro se "Informal Brief." The government did not file a brief.

prior to commencement of sentence, no such credit is allowed for time spent on conditional release." Id. We further observed that the "expansive definition of custody" for purposes of 28 U.S.C. 2241 has no bearing on the definition of detention under 18 U.S.C. § 3585.

Applying that standard to this case, it is clear that Saunders' pretrial supervised release/probation time did not constitute "full physical incarceration." Accordingly, Saunders has failed to establish that he spent time in "official detention" prior to the commencement of his sentence, and he therefore fails to establish entitlement to credit towards his sentence under 18 U.S.C. § 3585.

We AFFIRM the district court's denial of Saunders' § 2241 petition.[2]

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[2]Although he failed to make such a motion before the district court, Saunders has filed a motion for leave to proceed before this court *in forma pauperis*. We grant Saunders' motion to proceed before our court *in forma pauperis*.