FILED
United States Court of Appeals
Tenth Circuit

December 27, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHARLES EDWARD LANE, JR.,

     Petitioner - Appellant,

v.

N. C. ENGLISH,

     Respondent - Appellee.

No. 17-3165
(D.C. No. 5:17-CV-03040-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **BACHARACH**, Circuit Judges.
_____

Charles Edward Lane, Jr. is a prisoner in the United States Penitentiary in

Leavenworth, Kansas, serving a 262-month term of imprisonment for conspiracy to

distribute crack cocaine. *See* 21 U.S.C. §§ 846 and 841(b)(1)(A). He filed an application

for relief under 28 U.S.C. § 2241 in the United States District Court for the District of

Kansas, claiming that his expected release date had been incorrectly computed by the

United States Bureau of Prisons (BOP) because of various errors. The district court

denied the application, finding no error in the computation. On appeal, his sole

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

contention is that the district court erred in finding that he was not in custody from November 15, 2005, through January 30, 2006, and therefore erred in not giving him preconviction credit toward his sentence for that period of time. We have jurisdiction under 28 U.S.C. §1291 and affirm.

On appeal from a denial of a § 2241 application, we review legal issues de novo and factual issues for clear error. *See Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 (10th Cir. 2017). Because Defendant is acting pro se, we construe his pleadings liberally. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To obtain relief under § 2241, an inmate must demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Sentencing credit for preconviction confinement is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

In *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989), we defined *official detention* in the statute to mean "imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration."

The district court found the following facts: Defendant was arrested on an outstanding warrant by the Clinton County Police Department in Clinton County, Iowa,

2

on November 10, 2005, and released on bond on November 14. On January 24, 2006, a criminal complaint was filed against him in Iowa federal court, and a federal magistrate judge issued a warrant for his arrest. The federal Drug Enforcement Agency (DEA) arrested him on January 31 and turned him over to United States marshals on February 1. On October 27, 2006, he was sentenced on his guilty plea to the charge of conspiracy to distribute crack cocaine, and he began to serve his 262-month sentence.

The BOP granted Defendant prior-custody credit for the time he spent confined for his state arrest, November 10–14, 2005, and for his time in custody between his federal arrest and conviction, January 31–October 26, 2006. Defendant complains that he was not given sentence credit for the period from November 15, 2005, to January 30, 2006. On appeal he does not argue that he would be entitled to credit if he had been released on bail during that period; rather, he contends that he was in federal custody.

The district court, however, found otherwise, and this finding was not clear error. On the contrary, it was the only reasonable finding on the record before the court. The court relied on an affidavit by an employee of the BOP, which, on this issue, is supported by (1) attached records of the Clinton County court showing that he was released from custody on November 14, 2005; (2) the January 24, 2006 federal court warrant for his arrest; and (3) the return on the warrant together with the marshal's record indicating his arrest by the DEA on January 31 and assumption of custody by the marshal on February 1.

In district court Defendant submitted no sworn statement or other evidence to rebut these findings. On appeal he offers for the first time a declaration under penalty of

3

perjury that he was arrested by federal officers on November 15, 2005, and remained in federal custody through his conviction (and, of course, thereafter).  Perhaps this is his honest recollection more than 12 years after the fact, but it is undoubtedly wrong.  More importantly, the declaration comes too late.  *See Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008) ("We generally limit our review on appeal to the record that was before the district court when it made its decision.").

We **AFFIRM** the district court's dismissal of Defendant's application under § 2241.

Entered for the Court

Harris L Hartz
Circuit Judge